PER CURIAM. The complaint alleges that between the 25th and 28th days of October, 1894, both dates inclusive, the plaintiff herein, at the special instance and request of the defendant, sold and delivered to the defendant certain goods, wares, and merchandise, and performed certain work and labor, and rendered certain services, which were reasonably worth, and for which the defendant promised to pay, the sum of $121.50. This allegation was denied by the defendant. There was no evidence to show that defendant employed plaintiff, except such as is to be found in the cross-examination of the plaintiff himself. On his cross-examination he was asked whether the defendant employed him between the 25th of October and the 28th of October to furnish goods, wares, and merchandise, and perform certain services, and he answered that he did, on the 28th. If he was employed by the defendant on the 28th to render the services that the evidence shows he did render, the defendant should pay. It is true that such employment was denied by the defendant, but this presented an issue of fact to be determined by the trial justice, and with his determination we will not interfere.

Judgment affirmed, with costs.

---

(49 App. Div. 76.)

GOODNESS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 28, 1900.)

JUDGMENT—DEFAULT—MOTION TO SET ASIDE—COSTS.

    Defendant, whose case stood third on the calendar, learning that the case next ahead would take some time for trial, notified his counsel that he need not attend the call. The prior case not being ready, defendant's case was called, and an inquest and default taken. *Held,* that, on setting aside the default, defendant should be charged with the costs of the action as taxed in the judgment.

Appeal from special term.

Action by Theodore Goodness against the Metropolitan Street Railway Company. Judgment for plaintiff by default, and from an order opening the default he appeals. Modified and affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Algernon S. Norton (Henry W. Bookstaver, on the brief), for appellant.

Charles F. Brown (Henry A. Robinson, on the brief), for respondent.

PER CURIAM. It appears without dispute that, when both parties answered ready for trial upon the call of the calendar, the case stood third for trial. Subsequently the defendant's representative learned that the first case would not be tried, but that the second case would be ready, and would take about three hours. Thereupon the defendant's representative notified the counsel employed to try the case that he need not attend in court upon the call of the calendar, but might come later. When the court opened, the cause that was supposed to be ready for trial was not tried, and

this case, standing next, was immediately reached. The trial court insisted that it should either be tried or go over the term, and the plaintiff, having no other alternative, took an inquest. Defendant's representative, who was present at the time, thereupon refused to take any part in the proceedings, and the default was taken. Subsequently, upon motion at special term, the judgment which had been entered was set aside, and the default opened, and the cause restored to the calendar for trial, upon the payment of the trial fee, $10 costs of the motion, and disbursements. The costs entered in the judgment were $168.01.

It is quite apparent that the defendant presented no valid excuse for not being ready to proceed with the trial when the cause was reached in its order. By its own act it had prevented the counsel who was to try the cause from being present in court when the case was reached. It is so common an occurrence for a cause standing at the head of the calendar to be postponed for some sudden and unexpected reason that it is inexcusable in counsel having cases upon the day calendar not to be ready for trial, in anticipation of such a result. Scarcely a term of court is held that such contingencies do not frequently arise, and experienced counsel are as familiar with the fact as the court. The practical result is that the party who is ready is compelled either to take a default or postpone the trial, the court is obliged to adjourn for lack of business, and the judicial machinery breaks down through what is inexcusable neglect. Those who are responsible for this condition ought to be held to rigid accountability. Indulgence of these practices only creates their frequent occurrence, and from the condition arise complaints of the trial courts and litigants, the latter of whom have been guilty of no dereliction whatever.

We see no cure for what seems to be not only clear negligence, but sometimes intentional action, except to impose such terms upon those creating the condition as will prevent its recurrence. We think the terms imposed in the present case are not adequate to properly compensate the plaintiff, and are quite sure that they will have little deterrent effect upon future practice of this character. While we have much of disposition to restore this judgment, yet we think that justice will probably be more nearly attained by imposing upon the defendant the payment of the costs of the action as taxed in the judgment.

The order should therefore be modified in this respect, and as modified affirmed, with $10 costs and disbursements to the appellant.