(81 App. Div. 626.)

## McEWEN v. DIMOND et al.

(Supreme Court, Appellate Division, First Department.   April 9, 1903.)

1. DISMISSAL—SETTING ASIDE.
   An order of the Special Term setting aside the dismissal of a complaint taken by default for failure of plaintiff's counsel to take up the case when called for trial will not be reversed.

2. SAME—CONDITIONS—PAYMENT OF COSTS.
   A case which had been called for trial was adjourned from day to day on account of the engagements of plaintiff's counsel, and the complaint finally dismissed. During such time defendants were compelled to have their witnesses in court and their counsel ready to try the case. *Held*, that as a condition for setting aside the dismissal defendants should be indemnified, so far as possible, for expense incurred in the preparation of the trial of the case when regularly called.
   Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Frederick McEwen against Thomas Dimond and others. The complaint was dismissed, and from an order opening the default defendants appeal.   Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles De Hart Brewer, for appellants.
John F. Forrester, for respondent.

INGRAHAM, J.   When this case was called for trial the plaintiff had grossly violated the rules which are prescribed for the trial of cases at Trial Term, and the court was not only justified in disposing of the case, but was required so to do. When the engagements of counsel were such that it was apparent that he would not be able to try a case which had appeared upon the day calendar and had been passed on account of his actual engagement in court, the plaintiff was bound to procure other counsel, so that the case could be tried as provided for in the rules adopted for the regulation of trials at Trial Term; and had the court below, in the exercise of its discretion, refused to open this default, we should not be disposed to interfere. The Special Term presided over by the learned judge before whom the case was called for trial has, however, in the exercise of its discretion, relieved the plaintiff from the effect of this violation of the rules, and we are not disposed to reverse its action. We think, however, that the terms imposed as a condition for opening the default were insufficient. The case appeared upon the day calendar of the Trial Term for trial on Thursday, January 8, 1903, and was adjourned from day to day on account of engagements of the plaintiff's counsel until January 19th, when the complaint was dismissed. During all that time the defendants were compelled to have their witnesses in court and their counsel ready to try the case, and during that time the plaintiff's counsel, on account of whose engagements the case was passed, tried three cases, the case in which he was actually engaged when the case first appeared on the day calendar having ended a day or two thereafter. The counsel then

went into the trial of other cases, notwithstanding that this case had been held on account of his engagement. At least the defendants should be indemnified so far as possible for the expense that they were put to in the preparation of the trial of the case when it had been regularly called for trial upon the day calendar.

We think, therefore, that the order should be modified by imposing as a condition of the opening of the default that the plaintiff pay a trial fee and $10 term fee and the disbursements incurred by the defendants for witnesses' fees during the term at which the complaint was dismissed, and $10 costs of opening this motion, and the order as thus modified is affirmed, without costs of this appeal.

HATCH, PATTERSON, and O'BRIEN, JJ., concur.

VAN BRUNT, P. J. (dissenting). The rules adopted by this court for the regulation of the business of the trial terms were promulgated, it is to be presumed, for the purpose of being obeyed, and of removing the reproach, which had become a trite expression, "that there is no use in taking a default, because it will always be opened." In the case at bar the defendant was ready and anxious to try his case. He was in court day after day with his witnesses, and the plaintiff substantially refused to go on because it did not suit his convenience. The rules of the Appellate Division were violated in the way in which the case was postponed from day to day, and the instructions even of the trial court were treated with contempt. But of this latter feature, perhaps, we ought not to complain, because it would appear from the subsequent action of the trial justice that such instructions were issued without the slightest expectation of any attention being paid to the same. Notwithstanding these inexcusable circumstances, this court has allowed the default taken to be opened upon the payment of a few dollars in costs. Such leniency and violation of the rules of the court lead to vexatious and unreasonable delays, and tend to make the cost of litigation greater than any possible reward which may be reaped from success. The traditional reproach in respect to the law's delays will never be removed so long as such practice as prevailed in the case at bar is tolerated. I think that the motion to open the default should be denied.