(53 Misc. Rep. 260)

### PIERCE, BUTLER & PIERCE MFG. CO. v. KLEINFELD et al.

(Supreme Court, Appellate Term. March 14, 1907.)

JUDGMENT—DEFAULT—ENGAGEMENT OF COUNSEL.

Where, on the day peremptorily set for trial, the court had before it an unfinished case, and another was ready for trial and was tried, and defendants' counsel was engaged in a trial in the Supreme Court, plaintiff should not have been allowed to take an inquest, but the case should have been marked "Ready," and a default ordered when the cause was actually called for trial, if defendants were not ready to proceed at that time.

Appeal from City Court of New York, Trial Term.

Action by the Pierce, Butler & Pierce Manufacturing Company against Isaac Kleinfeld and others. Appeal from an order granting a motion by defendants to be relieved from a default. Modified.

Argued before GILDERSLEEVE, C. J., and DAVIS and HENDRICK, JJ.

Abraham E. Schleimer, for appellants.
Pressenger & Newcombe, for respondents.

PER CURIAM. The case appeared on the day calendar for trial on Friday, January 11, 1907, when the trial judge granted an adjournment at the request of defendants' attorney, until Monday, January 14th, stating at the time that "the case would not again be passed, and that the defendants must be ready for trial on the following Monday, and that, if Mr. Schleimer's (defendants' attorney) engagements were such that he would be unable to attend, the defendants must procure other counsel to try the case," etc. On the following Monday there was an unfinished case on trial, and there was also ready for trial another case, which took the whole of Monday in trial. It is shown by the moving papers that on Monday defendants' attorney was actually engaged in the trial of a case in the Supreme Court in Brooklyn. In view of the fact that the court had before it an unfinished case, and another case ready for trial, which was actually tried, and of the fact that the defendants' counsel was actually engaged in a trial in the Supreme Court, the case should have been marked "Ready," and a default ordered when the cause was actually called for trial, if the defendants were not ready to proceed at that time.

In McEwen v. Dimond, 81 App. Div. 626, 81 N. Y. Supp. 365, and Goodness v. Met. St. Ry. Co., 49 App. Div. 76, 77, 63 N. Y. Supp. 476, the facts are not the same as in this case. In the latter the case appeared on the day calendar for trial on January 8th, and was adjourned from day to day, on account of the engagement of the plaintiff's counsel, until January 19th, and during that time the plaintiff's counsel, on account of whose engagement the case was postponed, tried three other cases. The counsel then went into the trial of other cases, notwithstanding that this case had been held on account of his engagements. In the former, the case before the one in which default was taken, and which was thought to be ready for trial and would be tried, was not tried, and the case in which default was taken stood next upon the calendar, and was immediately reached. The

trial court insisted that it should either be.tried or go over the term, and the plaintiff, having no other alternative, took an inquest. In view of all the circumstances disclosed by the printed papers on appeal, the inquest should not have been ordered until the case was actually reached for trial and the defendants defaulted.

The order of January 17, 1907, granting the motion made by the defendants to be relieved from the default, should be modified, by striking out so much thereof as allows costs to the plaintiff, and, as thus modified, affirmed, without costs in this court to either of the parties.