E. P. SYMMES, *Plaintiff in Error*, v. PRAIRIE PEBBLE PHOS-PHATE COMPANY *et al., Defendants in Error.*

1. The navigable waters in the State and the lands under such waters, including the shore or spaces between ordinary high and low water marks, are the property of the State or of the people of the State in their united or sovereign capacity. Such lands are not held for purposes of sale or conversion into other values, or for reduction into several or individual ownership, but for the use of all the people of the State for purposes of navigation, commerce, fishing and other useful purposes afforded by the waters thereon.

2. Where in an action for damages a plaintiff alleges injury to his property located in the beds of navigable waters of the State, he must show the lawfulness of the ownership asserted, since the acquisition of such property is not of common right, but depends upon proper legislation and authorized appropriate action duly taken thereunder.

3. A declaration alleging an actionable injury to the plaintiff's property rights in an oyster bed in the navigable waters of the State should show the acquisition of the right from the State in the manner provided by the statutes.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Hilton S. Hampton,* for Plaintiff in Error;

*Wall & McCay, P. O. Knight* and *H. K. Olliphant,* for Defendants in Error.

WHITFIELD, C. J.—The following declaration was filed herein:

"E. P. Symmes, by his attorney, H. S. Hampton, sues Prairie Pebble Phosphate Co., a corporation, The Coronet Phosphate Co., a corporation, The Phosphate Mining Company, a corporation, The Florida Phosphate Co., a corporation, Standard Phosphate Co., a corporation, Pearce Phosphate Co., a corporation, The Armour Company, a corporation, and State Phosphate Co., a corporation, for that whereas, heretofore, to-wit: on the 6th day of October, 1908, the plaintiff became possessed of and constructed a certain oyster bar or bed for the propagation and cultivation of oysters in a portion of the bed of the Alafia River in Hillsborough County, Florida, described as follows: in front of lots two and three (2 and 3) township thirty (30) south range nineteen (19) East from low tide water mark to the edge of the channel extending Eastward between said low tide water mark and edge of said channel to where the West boundary line of said

31—Vol. 64.

lot 3 intersects the waters running South to the edge of the channel, and for a long period of time after said date used and enjoyed the said property, and the usufruct from said oyster bar or bed; and plaintiff avers that thereafter the defendants, and each of them, in the conduct of a phosphate business along or near the shore of the Alafia River above the point where the plaintiff's said property was situated, well knowing the premises, but continuing and wrongfully intending to injure and damage the plaintiff, and to interfere with his possession, occupation and enjoyment of said oyster bed wrongfully and injuriously caused great quantities of mud and other refuse to be deposited and flow into the Alafia River above the point where the said property of the plaintiff was situated, and for a long period of time prior to the bringing of this suit has wrongfully and injuriously continued from day to day to cause to be discharged into said river large quantities of mud and refuse, and by reason of the discharge of said mud and refuse into said river the regular flow has been interfered with, in that the said mud and the said refuse discharged as aforesaid by the defendants, by and through their employees into said river, has covered and destroyed the said oyster bed of the plaintiff, and the oysters therein and the plaintiff has thereby and still is greatly damaged by means of the premises aforesaid, and his said property has been destroyed;

Wherefore plaintiff says he has been injured and has sustained damages in the sum of Fifteen Thousand Dollars, the value of the said oyster bar and oysters therein, therefore he brings suit claiming damages in the sum aforesaid."

Demurrers to the declaration were sustained. The plaintiff not desiring to plead further, final judgment

for defendants was entered on the demurrer and plaintiff took writ of error.

In this action to recover damages for wrongfully causing great quantities of mud and other refuse to be deposited and flow into a navigable river of the State which covered and destroyed the oyster bed of the plaintiff located lower down in said navigable river, the question presented is the sufficiency of the declaration to state a cause of action.

The navigable waters in the State and the lands under such waters including the shore or spaces between ordinary high and low water marks, are the property of the State or of the people of the State in their united or sovereign capacity. Such lands are not held for purposes of sale or conversion into other values, or for reduction into several or individual ownership, but for the use of all the people of the State for purposes of navigation, commerce, fishing and other useful purposes afforded by the waters thereon. State *ex rel.* Ellis v. Gerbing, 56 Fla. 603, 47 South. Rep. 353, 22 L. R. A. (N. S.) 337.

Sections 646-651, General Statutes of 1906, authorize the County Commissioners to grant within designated limits exclusive rights to plant oysters in the public waters of the State; and such statute expressly provides that a failure to utilize such grant by planting oysters within one year shall forfeit the grant; and that exclusive rights in existing natural and maternal oyster beds shall not be granted.

Where in an action for damages a plaintiff alleges injury to his property located in the beds of navigable waters of the State, he must show the lawfulness of the ownership asserted, since the acquisition of such property is not of common right, but depends upon proper legisla-

tion and authorized apprioprate action duly taken there-under.

The property alleged to have been injured is located in the bed of a navigable stream the title to which is in the State in trust 'for the people of the State. The only allegations of ownership by the plaintiff is that "on the 6th day of October, 1908, the plaintiff became possessed of and constructed a certain oyster bar or bed for propagation and cultivation of oysters in a portion of the bed of the Alafia River in Hillsborough County, Florida, described as follows: in front of lots two and three (2 and 3) township thirty (30) South range nineteen (19) East from low tide water mark to the edge of the channel extending eastward between said low tide water mark and the edge of said channel to where the west boundary line of said lot 3 intersects the waters running south to the edge of the channel, and for a long period of time after said date used and enjoyed the said property, and the usufruct from said oyster bar or bed," and that the acts of the defendants complained of "has covered and destroyed the said oyster bed of the plaintiff, and the oysters therein, and the plaintiff has thereby and still is greatly damaged by means of the premises aforesaid, and his said property has been destroyed."

A private right to have an oyster bed in the navigable waters of the State can be acquired only from the County Commissioners as the statute provides, and there is no allegation that the plaintiff so acquired a right or that he planted oysters on the alloted space within a year from the grant of the right, or that the bed claimed by the plaintiff does not cover a natural or maternal oyster bed which cannot be granted. The indefinite allegation of possession and ownership are insufficient to show a right

or title to the peculiar species of property which affects public rights.

The judgment is affirmed.

SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.

TAYLOR, J., absent on account of illness.