## 5760. SPARKS v. FLOYD COUNTY.

1. All claims against counties, unless held by persons laboring under disabilities, must be presented to the proper county authorities by written demand within 12 months after they accrue or become payable, or they will be barred, under the provisions of section 411 of the Civil Code of 1910.

2. In a suit against a county, an allegation that the claim sued upon was presented "as provided by law" and within 12 months after the accrual of the claim will not supply the place of a distinct allegation that it was presented in writing and within 12 months from its accrual.

DECIDED AUGUST 22, 1914.

Action for damages; from city court of Floyd county—Judge Reece. May 15, 1914.

*Dean & Dean, L. H. Covington,* for plaintiff.

*M. B. Eubanks,* for defendant.

WADE, J. Mrs. C. S. Sparks brought suit against the County of Floyd, alleging that "prior to July 30, 1912," the defendant, through its Board of Commissioners of Roads and Revenues, constructed a portion of road over her property in that county, without paying for the land appropriated for this purpose by them, which "was .143 of an acre and of the value of $200 per acre," and removed a stated number of cubic yards of chert belonging to her, of a value set out. She alleged further that she had given the required notice to the county, as provided by law in the Acts of 1899, p. 74, and now incorporated in the Code of 1911," "by presenting in writing her claim for damages in the amount aforesaid" to the said board of commissioners, and that they retained the claim in their hands more than 30 days from its presentation, and failed and refused to settle the same or any part thereof; wherefore she prayed judgment for the amount alleged to be due. The written notice, a copy of which is "Exhibit A" of the petition, is dated March 21, 1913, and is addressed to the Board of Commissioners of Roads and Revenues of Floyd County, Georgia, and notifies them that "prior to July 30, 1912, the County of Floyd" constructed a portion of road, etc.; fully setting out the nature and origin of the plaintiff's demand against the county. The notice concludes with the following statement: "that she makes claim upon the County of Floyd, of said State, for the said sum of $433.72½, for adjustment thereof, according to the provisions of the Act of 1899, p. 74, and as provided by the Code of 1911."

The defendant demurred on the following grounds: (1) Because no cause of action is set forth against the defendant. (2) Because the date of the acts complained of is not set forth with sufficient certainty. (3) Because it does not appear that the claim was made and filed within 12 months from the date of the acts complained of. Thereupon the plaintiff offered an amendment, in which she alleged that the road referred to in the first paragraph of her original petition was completed through her land "during the month of July, 1911;" and that the remaining act complained of (in the 6th paragraph of her original petition), to wit, the removal of 1298 cubic yards of chert from her property, was effected "during the months of January, February, and March, 1912." She further amended her petition by adding the following paragraph: "Petitioner further shows that C. S. Sparks, your petitioner's husband, acting for and in behalf of your petitioner, appeared before said Board of Commissioners of Roads and Revenues, at a regular meeting thereof, held on April 1, 1912, and presented your petitioner's claim against said County of Floyd to said board, as provided by law, and within twelve months after the accrual thereof." The court refused to allow this amendment, and thereupon sustained the demurrer and dismissed the petition; and the plaintiff excepted.

The plaintiff insists that the law of Georgia, as interpreted by the Supreme Court and by this court, does not absolutely require that a claim against a county shall be presented in writing. In *Powell* v. *County of Muscogee*, 71 *Ga.* 587, Chief Justice Jackson not only said that such a claim "ought to be in writing, as the demand and its date is the beginning of a judicial proceeding within a period which would prevent the bar of the statute," but (as to the claim involved in that case) he said: "The claim should have been presented in writing, to the commissioners in session, within twelve months from its accrual. It not having been done, and suit of no sort having been begun within twelve months, the claim is barred, and the nonsuit was right." We can not understand how it can be contended by the plaintiff that this pronouncement from the Supreme Court is mere obiter, as it appears that the exact question was involved, and the case turned upon and was decided upon this point. See also *Elbert County* v. *Swift*, 2 *Ga. App.* 47 (58 S. E. 396); *Dement* v. *DeKalb County*, 97 *Ga.* 733

(25 S. E. 382) ; *Pearson* v. *Newton County,* 119 *Ga.* 863 (47 S. E. 180) ; *Troup County* v. *Boddie,* 14 *Ga. App.* 434 (81 S. E. 376).

The demurrer to the original petition should undoubtedly have been sustained, for the petition failed to show that the demand had been presented for payment within 12 months from the time the right of action accrued. The written demand referred to in the petition, a copy of which was attached thereto as an exhibit, was dated March 21, 1913, and set out that the right of action had accrued "prior to July 30, 1912," without indicating how long prior to July 30, 1912, it had accrued—whether shortly before that date, or several months or years prior thereto. Likewise, the petition itself failed to show how long "prior to July 30, 1912," the acts complained of by the plaintiff were done by the board of commissioners. Had the petition alleged that the right of action accrued on a definite date, and had it appeared that the suit was filed and served within 12 months from that date, this, under the ruling in *Pearson* v. *Newton County,* supra, would have constituted a written presentation of the claim to the county officials, within the meaning of the code section; but it does not affirmatively so appear in this case.

The plaintiff insists that the refusal to allow the amendment was error, because in the proposed "9th" paragraph it is alleged that her husband appeared before the board of commissioners at a regular meeting held on April 1, 1912, "and presented your petitioner's claim against said County of Floyd to said board, as provided by law, and within 12 months after the accrual thereof." It is contended that the words "as provided by law" would include everything required by law to constitute a proper and sufficient presentation, and that if the law required such a claim to be presented in writing, this allegation would carry, in effect, a distinct assertion not only that the claim was presented within 12 months, but also "in writing." We do not concur in this view, since it appears to us that the averment that the claim was presented "as provided by law," and "within 12 months after the accrual thereof," amounted merely to a statement of the conclusion of the pleader that the presentation of her claim by her husband, acting for and in her behalf, in person, to the board of commissioners, at a regular meeting on April 1, 1912, amounted to such a presentation as the law required, and that the presentation of such a claim in writing

was not required by this statute. If it be necessary, as we have heretofore held, and as the Supreme Court has also held, that a claim against a county be presented in writing, it appears to us to be equally necessary, in bringing suit on a demand against a county, that the distinct allegation be made that the claim was presented within 12 months to the proper officials, in writing. Merely to assert that one bringing suit had done whatever was necessary, "as provided by law" as an essential prerequisite basis for such a suit, would certainly not dispense with the necessity for alleging the particular facts relied upon to constitute such compliance. The allegation should be specific and definite enough to put the defendant on notice as to what is relied upon to constitute such a compliance, and should specifically set forth the presentation of such a "claim" in writing as would, by its terms, fully apprise the county authorities of the nature, extent, and date of the demand, and how, to whom, when, and in what form it was presented. From paragraph 9, proposed as an amendment and rejected by the court, it appears simply that the petitioner's husband "presented" (whether orally or in writing does not here appear) "petitioner's claim against said Floyd County to said board as provided by law, and within twelve months after the accrual thereof."

"We think that to constitute a 'claim' against a county, the writing should certainly show who makes the demand, for what reason the demand is made, and the amount thereof; as otherwise there would be nothing before the county officials capable of record, or sufficiently definite to be the basis of any affirmative action by them. We do not mean to imply that such a claim, or any claim against a county, need be presented to the proper officials with exceeding nicety or great particularity, but we do think enough should appear to put the county authorities on notice as to the nature or the character of the demand filed with them, in order that proper investigation of the claim may be based on a definite demand, which might thereafter be of value in determining the extent of liability, should no settlement be effected outside of the courts." *Troup County* v. *Boddie*, supra. It is not distinctly alleged in this proposed amendment that the "claim" of the plaintiff was so presented, except in so far as the allegation that the presentation was made "as provided by law" would so imply; and, as already ruled, implication alone is not enough.

The plaintiff further insists that since "Exhibit A" of the original petition indicates on its face that it was presented to the commissioners on the 21st day of March, 1913, and the amendment offered by the plaintiff and disallowed by the court declared in the 2d paragraph thereof that the act complained of in the 6th paragraph of the original petition, to wit, the removal of 1,298 cubic yards of chert from the property of the plaintiff by the county authorities, was effected during the months of January, February, and March of the year 1912, it affirmatively appeared from the amendment and the exhibit that the removal of the chert was accomplished within 12 months prior to the 21st day of March, 1913, when the written demand was filed with the commissioners, and hence at least this portion of the amendment should have been allowed, and, if allowed, the plaintiff could have proceeded to recover the value of the chert which in paragraph 6 was alleged to have been removed as aforesaid. It is unnecessary to refer to the elementary rule that all pleadings must be construed more strictly against the pleader; and since the allegation in the proposed amendment, that the acts complained of in the 6th paragraph of the original petition were committed during the months of January, February, and March of 1912, failed to set forth whether they were completed or concluded on or before the 21st day of March, 1912, or, in other words, within less than 12 months prior to the 21st day of March, 1913 (when the written demand was made), the court was right in construing this allegation adversely to the pleader, and in holding that the paragraph referred to did not show, in connection with the exhibit attached to the original petition, that the demand was made in writing within 12 months from the commission or conclusion of the acts complained of in the 6th paragraph.

Applying the same rule, the plaintiff's contention that the allegations in the original petition show that the claim was presented to the board of commissioners in the manner required by law is not well founded, since, as said above, the petition shows merely that the acts complained of were committed at some time not stated, "prior to July 30, 1912," and the exhibit, dated March 21, 1913, and relied upon to show compliance with the requirement of the law that demands of this character must be presented in writing to the county officials, also set forth that certain claims were made against the county for acts which had been done by its commissioners "prior

to July 30, 1912;" and hence it does not appear, from either the petition or the exhibit, that the written demand on the county officials was made within 12 months, or indeed within 12 years, from the date when the acts complained of were done and performed.

It is true the plaintiff alleges in the 8th paragraph of her petition that she gave the required notice to the County of Floyd "as provided by law in the Acts of 1899, p. 74, and now incorporated in the Code of 1911," but this allegation, as suggested in discussing the phrase "as provided by law," used in the proposed amendment, would in itself and without more have amounted to a mere conclusion of the pleader, and in fact the allegation is qualified by the assertion that such compliance with the requirement of the law as to notice was effected by giving the particular notice attached to the petition and already discussed. Then, too, the allegation in the original petition that notice had been given "as provided by law in the Acts of 1899, p. 74, and now incorporated in the Code of 1911," and the like allegation in the notice referred to, that the plaintiff made her claim upon the County of Floyd for the sum of $433.72½ "according to the provisions of the Act of 1899, p. 74, and as provided by the Code of 1911," refer to section 910 of the Civil Code (1910), which provides that a demand shall be presented in writing to the governing authority of a municipality as a prerequisite to the bringing of any suit for injury to person or property against the municipal corporation. The code section applying specifically to claims against counties is section 411 of the Civil Code (1910) — a section long in the statute books of Georgia before the act of 1899 (now section 910 of the Civil Code) became the law as to municipalities, and was not repealed by the later act. Section 411 was the section construed by our Supreme Court in the various decisions hereinbefore referred to, and was recognized in the decisions of that court rendered since the passage of the act of 1899 as still in force, and was also referred to in the two decisions of this court above mentioned; and it is apparent that the amendment offered and disallowed by the court was intended to bring the suit under the provisions of that section (without making any distinct averment as to the presentation of the demand within 12 months *in writing,* held above to be necessary), instead of under the section relating to claims against municipal corporations, re-

ferred to in the original petition and in the exhibit attached thereto, since the proposed amendment also struck from the petition (but failed to strike from "Exhibit A") the words "in the Acts of 1899, p. 74, and now incorporated in the Code of 1911."

<em>Judgment affirmed. Roan, J., absent.</em>