E. P. SYMMES, *Plaintiff in Error*, v. PRAIRIE PEBBLE PHOSPHATE COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed January 15, 1915.

1. Where the evidence would not legally sustain a verdict for the plaintiff, and the verdict and judgment for the defendant are proper, errors, if any, committed by the trial court in the progress of the cause, that could' not reasonably have injuriously affected the substantial rights of the plaintiffs, will not justify a reversal of the judgment.

2. Where the evidence required a verdict for the defendant, and no material or prejudicial errors of law or procedure appear, the plaintiff's motion for a new trial was properly denied.

Writ of Error to Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*Hilton S. Hampton*, for Plaintiff in Error;

*P. O. Knight*, for Defendant in Error.

WHITFIELD, J.—The declaration herein in effect alleges that Symmes had the exclusive right to construct an oyster bed for the propagation and cultivation of oysters in a stated portion of the bed of Alafia River in Florida; that he duly became possessed of, constructed and planted a certain oyster bar in said grant; that for a long period of time since the granting of such right he has utilized, used and enjoyed the usufruct from said oyster bar or bed pursuant to said right; that the defendant phosphate company, "in the conduct of its business along or near

the shore of the Alafia River above the point where the plaintiff's said property is situated, well knowing the premises, but continuing and wrongfully intending to injure and damage the plaintiff and to interfere with the possession, occupation and enjoyment of said oyster bed, wrongfully and injuriously from day to day caused great quantities of mud and other refuse to be deposited and flow into said Alafia River above the point where the said property of the plaintiff is situated, and still continues to wrongfully and injuriously from day to day, cause to be discharged from its phosphate plant into said river at said point large quantities of mud and refuse; and by reason of the discharge of said mud and refuse, the regular flow of the said river has been gradually interfered with, in that the said mud and said refuse discharged as aforesaid by the defendant into said river has diverted the flow thereof, has caused the channel of the same to become clogged at or near said point where the said oyster bed of the plaintiff is situated, and has covered and destroyed the same with said mud and refuse, as well as the oysters therein." See Symmes v. Prairie Pebble Phosphate Co., 64 Fla. 480, 60 South. Rep. 223; 66 Fla. 27, 63 South. Rep. 1.

A demurrer to the declaration was overruled, pleas were filed, a demurrer to one of them was overruled and a demurrer to replications to such plea was sustained. Issue was joined on the pleas and a trial thereon was had. A verdict for the defendant was rendered on which judgment was entered and a motion for new trial being denied the plaintiff took writ of error.

As the evidence could not legally sustain a verdict for the plaintiff, the verdict and judgment for the defendant

were proper; and the judgment should not be reversed for errors if any were committed by the trial court in the progress and trial of the cause since it is clear that such errors, if any, could not have injuriously affected the substantial rights of the plaintiff in error. See Welles v. Bryant, decided last term.

It is alleged that the defendant "intending to injure and damage the plaintiff," "caused great quantities of mud and other refuse to be deposited and flow into" the river, and by reason of this discharge of said mud and refuse into the river it "has covered and destroyed the" oyster bed "with said mud and refuse, as well as the oysters therein."

The testimony is that "the phosphate business in general is the whole cause" "of the mud in the Alafia River;" that "the Alafia River is a bed of mud;" that "all phosphate companies" were putting their refuse in the river at the time;" that defendant's plant is about seventy miles above the plaintiff's oyster bed; that between the defendant's plant and the plaintiff's oyster bed there were and are several separate phosphate plants in operation from which plants the refuse entered the river; that the defendant emptied its mud into tributaries of the Alafia River; that "the heavy substance such as the dirt lodged pretty soon;" that when such substance is put into the stream "it would reach the Alafia River, main run, in thick muddy water, and gradually drift on down and meet the tide;" that "prior to the beginning of the phosphate operations on the Alafia River," there was a sand and pebble bottom and no mud at Mr. Symmes' place, but the muddy water there is now about three feet deep at extreme high tide and there was mud there when

the oyster bed was planted. There is other evidence of this general nature, but there is no evidence that the defendant, intending to injure the plaintiff, caused great quantities of mud to be deposited into the river, as alleged, or that the plaintiff's oyster bed and oysters were in whole or in part covered and destroyed by refuse or mud from the defendant's plant seventy miles away and above the several other phosphate plants operating on the river or its tributaries whose refuse entered the river below the point where the refuse from the defendant's plant entered the river. Nor is there any evidence that the refuse from the defendant's plant actually passed below the location of the other plants operating on the river or its tributaries except possibly the general statement that when such refuse is put into the river, the thick muddy water would gradually drift on down and meet the tide, but the further away the water went the less muddy it was, and the heavy substance such as the dirt lodged pretty soon.

There is no allegation or showing of a point tort, and as the evidence wholly fails to show that the plaintiff's oyster bed was in whole or in part "covered and destroyed" by mud and refuse deposited into the river by the defendant, as alleged, the verdict for the defendant was proper, and there was no error in denying a new trial.

The judgment is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.