SIDNEY J. CATTS, GOVERNOR OF THE STATE OF FLORIDA, ERNEST AMOS, COMPTROLLER OF THE STATE OF FLORIDA, J. C. LUNING, TREASURER OF THE STATE OF FLORIDA, THOMAS F. WEST, ATTORNEY GENERAL OF THE STATE OF FLORIDA AND W. A. McRAE, COMMISSIONER OF AGRICULTURE OF THE STATE OF FLORIDA, COMPOSING THE BOARD OF TRUSTEES OF THE INTERNAL IMPROVEMENT FUND OF THE STATE OF FLORIDA, *Appellants*, v. TAMPA AND JACKSONVILLE RAILWAY COMPANY, *Appellee*.

Opinion filed May 25, 1918.

1. A bill in equity praying relief in the nature of specific performance and for injunction, brought by the grantee of property or franchise under a statute, should contain positive allegations of all ultimate facts essential to show clearly and definitely the happening or performance of all conditions precedent

2. A bill in equity praying relief in the nature of specific performance and for injunction, brought by the grantee of property or franchise under a statute, which does not contain positive allegations of all ultimate facts essential to show clearly and definitely the happenings or performance of conditions precedent, is obnoxious to demurrer.

Appeal from Circuit Court for DeSoto County, F. A. Whitney, Judge.

Order reversed.

*T. F. West,* Attorney General, and *Glenn Terrell,* for Appellants;

*Arthur F. Odlin* and *N. B. K. Pettingill,* for Appellee.

BRANNING, Circuit Judge.—Tampa and Jacksonville Railway Company, appellee, brought suit in equity against Sidney J. Catts, Governor of the State of Florida and others, composing the Board of Trustees of the Internal Improvement Fund, to compel a conveyance of 250,000 acres of land. A demurrer to the bill was interposed by defendant and overruled by the Circuit Court. Defendant appealed. The matter comes before this court to review the ruling upon said demurrer.

As there are general and special grounds of demurrer the demurrer will be treated as a general demurrer. Warren v. Warren, 66 Fla. 138, text 141, 63 South. Rep. 726; Shone v. Bellmore, decided at this term.

The bill alleges the creation and history of the Internal Improvement Fund and that the defendants are the duly appointed trustees of said fund; that the Gainesville & Gulf Railway Company was the grantee under Chapter 4475, Laws of Florida, that the conditions of

the grant contained in said Chapter 4475 were performed by grantee; that appellee acquired the rights of such grantee. That the right to a conveyance by the Trustees of 250,000 acres of land of the Internal Improvement Fund lands was thus acquired. That the title to the lands in question is now vested in the said Trustees. That the Trustees refused to make such conveyance in keeping with the said Act of the legislature. That the Trustees will dispose of the lands and deprive appellee of its right to a conveyance. Then follows the prayer for relief.

The grounds of demurrer among other things test the sufficiency of the allegations of performance by grantee.

The sections of the Act of the legislature in question are as follows:

"Section 4. To enable the said railway to build and equip its said line of road, and its extensions and branches, the State of Florida hereby grants to the Gainesville & Gulf Railway Company, the alternate section of lands granted, or to be granted to the State of Florida, by the United States, applicable to such purposes, lying on each side of, and within six (6) miles of the said line of road, to be constructed by said company, its branches and extensions. The said company shall comply with the provisions of the Act entitled 'An Act to Provide for and Encourage a Liberal System of Internal Improvements in this State,' Approved January 6th, 1855, and the amendments thereto, as to the manner of constructing the road and drainage, said railroad to be of the standard guage.

"Section 5. In consideration of the greatly improved value which will accrue to the State from the construction of said road, the State of Florida further hereby grants to said corporation, in addition to the alternate

sections hereinbefore recited, ten thousand (10,000) acres of land for each mile of road it may construct in this State, out of lands granted to the State under Act or Acts of Congress, if there are or shall be any such available applicable to such purposes, said lands to be those which may be nearest the line of said road, its branches and extensions; Provided, That the grant of lands made by this section, is made subject to the rights of all creditors to which said fund is applicable, and subject to law; and the State of Florida shall not be liable in any manner for any deficit in the amount of lands granted in this Act, should there not be a sufficient quantity of lands to supply the grants herein made; Provided, however, That Internal Improvement lands proper granted the State of Florida by an Act of Congress of September 3rd, 1841, and set aside for other purposes, are hereby exempt from the provisions of this Act.

"Section 6. The lands granted to said company shall vest in said company as said railroad shall be graded, cross-tied and ironed in sections of five miles, and upon the filing of the certificates of approval and completion by the officer designated by the Trustees of the Internal Improvement Fund, deeds shall be made to said corporation by the Trustees of the Internal Improvement Fund, as said lands are vested and acquired under this Act. No rights shall vest under this Act unless the construction of said railroad shall be commenced within one year from the passage thereof, and be continued with reasonable diligence, and no benefit from said land grant shall be claimed for, or on account of any part of the road constructed after seven years from the passage of this Act."

The allegations of performance upon which appellee relies are as follows:

"7—Your orator further avers that in pursuance of the said Act of the Legislature of the State of Florida, and relying upon the grants of land therein and thereby made by said State of Florida, said Gainesville and Gulf Railway Company did within the time and in the manner prescribed by said Act of May 25, 1895, duly grade, cross-tie, equip and place in operation twenty-five (25) miles of railroad which were contemplated and authorized by said Act, and in all other respects said Gainesville and Gulf Railway Company did comply with the provisions and conditions of the said land grant Act of May 25, 1895, by reason whereof the said Gainesville and Gulf Railway Company became and was of right entitled to have conveyed to it by the said Trustees two hundred and fifty thousand (250,000) acres of said swamp and overflowed lands; and that the said right which was thus acquired by said Gainesville and Gulf Railway Company became vested in your orator by virtue of the consolidation above mentioned.

"8—Your orator further says that on or about the 21st day of February, 1912, your orator by its attorneys submitted and presented to said defendants a formal request that said defendants would designate at once some officer under Section Six of said Act of May 25, 1895, which officer should make the certificate of approval and completion of twenty miles of the line of railroad constructed in accordance with the provisions of the said Act.

"9—Your orator further says that twenty-five (25) miles of said line of railroad were constructed within seven years from the date of the passage of the said Act, *and in accordance therewith;* and that previous to said

21st day of February, 1912, *formal proof had been made* as to *five* miles thereof and said defendants have failed and neglected to designate any officer under the said Section Six of said Act, although requested so to do by your orator, previous to the filing of this bill."

The allegations of performance contained in the bill of complaint are. largely conclusions of the pleader. The allegations should be of ultimate facts.

"Where a litigated right depends upon action taken under a statute, a compliance with the statute should be shown. Smitz v. Wright, 64 Fla. 485, 60 South. Rep. 225; Symmes v. Prairie Pebble Phosphate Co., 64 Fla. 480, 60 South. Rep. 223.

"The happening or performance of conditions precedent must be alleged. 4 Standard Ency. Proc. p. 115; Sanderson Adm'r. v. Sanderson, 17 Fla. 820, text 830.

"Omission in the complaint of an averment of performance of a condition precedent, or of an excuse for non-performance, is fatal on demurrer. Winter v. City of Niagara Falls, 190 N. Y. 198, 82 N. E. Rep. 1101."

"In equity, as well as at law, a pleading is to be most strongly construed against the pleader thereof, *and in passing upon a demurrer to a bill every presumption is against the bill.* This follows from the established principle of pleading that it is incumbent upon a complainant to allege in his bill every fact, clearly and definitely that is necessary to entitle him to relief; and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing. Durham v. Edwards, 50 Fla. 495, text 499, 38 South. Rep. 926; McClinton v. Chapin, 54 Fla. 510, 45 South. Rep. 35.

"This principle applies to all bills in equity, but is

especially applicable to bills seeking an injunction, the rule being that the title or interest of the complainant and the facts upon which he predicates his prayer for such relief must be stated positively with clearness and certainty. The bill must state facts and not opinions or legal conclusions." Builders Supply Co. v. Acton, 56 Fla. 756, text 762, 47 South. Rep. 822.

The allegations of performance of the conditions upon which said grant are predicated are insufficient.

The bill should show when and where work upon said railroad was commenced. As the work progressed from time to time it should be shown to what several points the work was completed or at what stage of construction the work had reached at such time and place.

There are no sufficient allegations of fact contained in said bill showing that the construction of said railroad was in keeping with the terms of the Act of January 6th, 1855.

The court does not pass upon the sufficiency of the allegations as to the status of title and ownership of lands by the Trustees.

The demurrer should have been sustained.

Order reversed.

BROWNE, C. J., AND TAYLOR AND WHITFIELD, J. J., and CAMPBELL, Circuit Judge, concur.

ELLIS AND WEST, J. J., disqualified.