NEEL, receiver, *v.* COMMISSIONERS OF BARTOW COUNTY.

1. The cases of *Akin* v. *Ordinary*, 54 *Ga.* 59, and *Commissioners* v. *Newell*, 64 *Ga.* 699, touching the validity of bonds issued by Bartow county to obtain means to support the indigent families of soldiers of the Confederate States in that county, reviewed and affirmed. These cases rule the present one in all essential respects as to the validity of the bonds now in controversy.

2. The bonds reciting, and the evidence all showing, that they were issued in pursuance of an order passed by the inferior court in the year 1863, previous orders passed in 1861 were irrelevant, and for that reason were not admissible in evidence.

3. The part taken by the person to whom the bonds were issued, or by others with his knowledge, in encouraging or inducing persons to volunteer as soldiers, whose families afterwards became dependent on the county for support or proper objects for county aid in supplying their necessary wants, furnishes no reason against holding the county liable on the bonds.

4. The motive which induces a party to enter into a legal contract by which he parts with his money or property, and under which the county receives it and takes the benefit of it for a public object to which it is legally applicable, will not prevent a recovery on the contract to refund the money and pay for the property.

5. Even if section 3479 of the code of 1863, which required claims to be presented within twelve months after they accrue or become

payable, be applicable to bonds issued by the county (which is by no means certain), that section should be treated as a statute of limitations; and so treated, it was suspended when the bonds sued upon matured, and for more than a year thereafter.
July 30, 1894.

Action on bonds. Before Judge HENRY. Bartow superior court. July term, 1893.

W. K. MOORE and J. M. NEEL, for plaintiff.

R. J. & J. McCAMY, A. S. JOHNSON, A. W. FITE, A. M. FOUTE and J. H. WIKLE, for defendants.

SIMMONS, Justice.

1. At the request of counsel for the defendant in error, we permitted the cases of *Akin* v. *Ordinary*, 54 *Ga.* 59, and *Commissioners* v. *Newell*, 64 *Ga.* 699, to be reviewed in the argument before us in this case upon the question of the validity of the bonds in controversy. After a careful consideration of these decisions, we are satisfied that they are correct, and we reaffirm them. They control the present case in all essential respects as to the validity of the bonds in question.

2. The bonds sued on were issued by virtue of an order of the inferior court of Bartow county, of February 6, 1863, for the purpose of raising money to buy provisions for the support of soldiers' families. This is recited on the face of the bonds, and the evidence goes to show that they were issued for this purpose. On the trial the court admitted in evidence, over the objection of counsel for the plaintiff, an order of the inferior court of Bartow county, passed in 1861, which authorized the treasurer of the county to issue bonds to the amount of $20,000, the money arising therefrom to be paid to the captain of each company called into the service of this State or the Confederate States from that county, the sum of twelve dollars for each man in the company, and for the purpose of supporting the families of those volunteers who should be called into the service of the

Confederate States. It was not claimed by the defend-
ants that the bonds sued on were issued under this order,
but it was admitted that they were issued under the
order of 1863, referred to in the bonds. We are at a
loss to understand why the trial judge admitted this
order in evidence, as it was totally irrelevant and inad-
missible.

3. The court, over the objection of counsel for the
plaintiff in error, admitted evidence as to the part Tum-
lin, to whom the bonds were issued, took in encourag-
ing soldiers to volunteer, whose families afterwards be-
came dependent on the county for support; and error is
assigned upon the admission of this evidence and upon
the instructions of the court on the subject. The part
that Tumlin took in inducing persons to volunteer, or
the knowledge he had of the part others took in that
behalf, furnishes no reason against holding the county
liable on the bonds. The county had a right to issue
the bonds, and this court has decided that the bonds
were legal. Whatever part Tumlin took in bringing
about the necessity for the bonds would not relieve the
county of its liability. Tumlin may have been a "seces-
sionist" and may have made speeches to urge persons
to volunteer, but if the county had the right to issue
bonds and they were legal bonds, as this court has de-
cided, and Tumlin purchased them and paid his money
or property for them, and the county received the same
and took the benefit of it for a public object to which
it was legally applicable, his motives for entering into
the contract or his views upon the question of secession
will not prevent a recovery on the contract to refund the
money and pay for the property. If the contract was
legal, he had a right to enter into it, whatever may have
been his motives for doing so.

4. Section 3479 of the code of 1863 requires all claims
against the county to be presented within twelve months

after they accrue or become payable. If this section applies to bonds issued by the county, it should be treated as a statute of limitations; and so treated, it was suspended when the bonds sued upon matured, and for more than a year thereafter. It is by no means certain that this section applies to bonds issued by a county. Speaking for myself, I do not think it does. The object of the section is to provide for notice, to the officers of the county having charge of its finances, of all claims that might arise against the county, in order that they may make provision for their payment if the claims are just. There is no such necessity where the county issues its own bonds. A record is kept of them, and it is well known, or ought to be, when they mature. But admitting for the sake of argument that the section does apply to bonds issued by the county, as before remarked, it is a statute of limitations in favor of the county; and all statutes of limitation were suspended during the war and for more than a year thereafter.

*Judgment reversed.*