## PEARSON *v.* NEWTON COUNTY.

In order for the bringing of a suit against a county to constitute a presentation of the claim to the county officials within the meaning of the Political Code, § 362, the petition must not only be filed but served within twelve months after the claim accrues. In *Dement* v. *DeKalb County*, 97 *Ga.* 733, the petition was filed and served within the twelve months.

Argued March 12, — Decided March 30, 1904.

Action for damages.    Before Judge Roan.    Newton superior court.    March, 1903.

*J. F. Rogers* and *L. L. Middlebrook*, for plaintiff.

*J. M. Pace* and *G. H. Cornwell*, for defendant.

Совв, J.    A petition in a suit for personal injuries against the County of Newton was filed in the office of the clerk of the superior court on August 2, 1902, and was duly served on August 6, 1902.    The injuries for which the suit was brought occurred on August 3, 1901.    At the September term, 1902, the case, on motion, was dismissed on the ground that the claim was not presented to the county commissioners of the county within twelve months after it accrued ; the order of dismissal reciting that plaintiff's counsel admitted that the claim had not been so presented. The granting of the order of dismissal is assigned as error.

" All claims against counties must be presented within twelve months after they accrue or become payable, or the same are barred, unless held by minors or other persons laboring under disabilities, who are allowed twelve months after the removal of such disability." Pol. Code, § 362.    It is most probably true that when this statute was enacted the General Assembly had in mind the presentation of claims otherwise than by a suit.    But in *Dement* v. *DeKalb County*, 97 *Ga.* 733, it was held that " the bringing of the suit within the time limited was a sufficient presentation of the claim within the meaning of" this statute.    In the opinion in that case Mr. Justice Lumpkin uses this language:   " The main object of the law was doubtless to provide that the county officials should have timely notice of all demands against the county, in order that they might intelligently and advisedly take proper action concerning the same.    The giving of such notice is as effectually accomplished by the filing of a declaration against the county and having the same duly served, as could be done by handing to the ordinary or board of commissioners a written statement set-

ting forth the nature of the claim.    Indeed, it is more than likely
that the information contained in a declaration would be fuller
and more satisfactory than in a less formal document tendered by
the claimant in person."    It is contended by counsel for the plain-
tiff in error that this case is controlling in his favor, while counsel
for the county ask that the decision be reviewed and overruled.
An examination of the facts of the case referred to, as they appear
in the original record, will show that the petition was not only
filed but served within twelve months after the cause of action
accrued; whereas in the present case service was not had until
after the expiration of twelve months.    It is argued, however,
that this does not constitute any valid distinction between the
cases, because the filing of the petition is the commencement of
the suit, and stops the running of the statute of limitations.    This
principle has no application to the present case.    The sole ques-
tion to be determined here is, what constitutes a sufficient presen-
tation of a claim within the meaning of the statute above quoted.
Mr. Justice Lumpkin, in the above-quoted language from the *De-
Kalb County* case, says that the main object of the statute was to
provide that the county officials should have timely notice of all
demands against the county ; and that the giving of such notice is
as effectually accomplished by the filing of a petition, *and having
the same duly served,* as by a written statement setting forth the
nature of the claim.    Manifestly the mere filing of the petition
does not give the county officials any notice of the claim, and cer-
tainly can not constitute a presentation of the claim unless fol-
lowed by service of a copy of the petition.    As stated above, the
question is not what effect the filing of the ordinary petition has
with reference to the statute of limitations, but whether a claim
can be said to be presented to the county officials within twelve
months after the claim accrued, when nothing more is done than
to file suit, and the county officials have had no notice of the
claim, either by service of the suit or otherwise.    When the ques-
tion is thus stated, there certainly can not be any difficulty in de-
ciding it adversely to the contentions of the plaintiff in error.
The decision in 97 *Ga.* is not only not controlling in his favor, but
the language in the opinion contains a very clear intimation that
service of the petition would be necessary to constitute the bring-
ing of a suit a presentation of the claim within the meaning of the
statute.          *Judgment affirmed.    All the Justices concur.*