### 5414.  TROUP COUNTY v. BODDIE, administrator.

All claims against counties must be presented to the proper county authorities by written demand within twelve months after they accrue or become payable, or they will be barred, under the provisions of section 411 of the Civil Code of 1910, "unless held by minors or other persons laboring under disabilities."

DECIDED APRIL 18, 1914.

Action for damages; from city court of LaGrange—Judge Harwell. December 15, 1913.

*W. T. Tuggle,* for plaintiff in error.

*Jones & Meadors,* contra.

WADE, J.  G. B. Boddie brought an action, as administrator of the estate of Thomas A. Boddie, against Troup County for $2,000, damages arising from an alteration in the grade of a public road through the lands of Thomas A. Boddie.  After reciting various elements of damage, the plaintiff alleged that within twelve months from the time his claim accrued or became payable, he presented it to the proper authorities of the county, in three distinct ways: first, to some of the individual members of the board of commissioners; second, by appearing before the board on two occasions while it was in session, and presenting and discussing his claim; and third, by filing with the board certain papers which he alleged amounted to a written presentation of his claim, and copies of which were attached and made a part of his petition.  The exhibits attached to the petition, and relied upon as a compliance with the requirements of the code section referred to in the headnote, were:

(1) what appears to be an estimate, dated August 5, 1912, stating a price for certain work, without indicating in any way where or for whom the work was to be done, or without indicating by whom the estimate was made, or to whom it was submitted; (2) a copy of a letter addressed to the board of commissioners of Troup county, dated 1912, signed by "Geo. Boddie" individually, which evidently accompanied the estimate referred to above and which is as follows: "I hand you herewith an estimate made by Pike Brothers of your city for grading and concrete work that is necessary to be done in front of my house on account of the excavation that you have recently caused to be cut in front of my premises. I will ask you to kindly consider the matter and advise me of your action, so that I may know what steps to take to protect my interest. Thanking you in advance, I am, with highest personal regards, yours very truly, [Signed] Geo. Boddie;" (3) a paper dated July 1, 1913, headed, "Subject: Excavation in front of residence of Geo. Boddie;" addressed to the board of commissioners of Troup County and signed "Geo. B. Boddie" individually, and containing an inquiry as to whether the said board of commissioners would fill a certain excavation "in front of *my* front gate   .   . and in front of driveway into *my* yard.   .   . Also leave me a sidewalk in front of *my* premises not less than six feet wide.   .   . Also leave *me* an accessible driveway into *my* yard.   .   . Also build *me* a set of concrete steps   .   .   in front of *my* residence,   .   . and a good set of concrete steps, not less than six feet wide, on the south side of the road in front of *my* carriage house," etc. This letter further proposed, in the event the board of commissioners would not do the various things mentioned therein, that the question be left to arbitration. The defendant filed a general demurrer to the petition, and also demurred because the petition failed to show that the plaintiff had filed his claim in writing with the commissioners of roads and revenues of Troup County within twelve months from the time the alleged cause of action arose. There were also special grounds of demurrer which need not be herein considered.

Whatever doubt may have existed in earlier decisions of our Supreme Court as to the necessity for presenting claims against a county in writing, that doubt no longer exists, in view of the direct decision in *Powell* v. *County of Muscogee*, 71 *Ga.* 587, that a claim

against a county "ought to be in writing, as the demand and its date is the beginning of a judicial proceeding within a period which would prevent the bar of the statute." And further in the same decision it is said: "The claim should have been presented in writing, to the commissioners in session, within twelve months from its accrual. It not having been done, and suit of no sort having been begun within twelve months, the claim is barred, and the non-suit was right." This decision has been followed by this court in a suit for damages for injury to private property. *Elbert County* v. *Swift,* 2 *Ga. App.* 47 (58 S. E. 396). It was held in the case of *Dement* v. *DeKalb County,* 97 *Ga.* 733 (25 S. E. 382), that the bringing of a suit within the twelve months time limit was a sufficient presentation of the claim, within the meaning of the code section; and in *Pearson* v. *Newton County,* 119 *Ga.* 863 (47 S. E. 180), it was held that in order for the bringing of a suit against a county to constitute a presentation of a claim to the county officials within the meaning of the code section, the petition must be not only filed, but served, within twelve months after the claim accrues, and the court called attention to the fact that in *Dement* v. *DeKalb County,* supra, the petition was both filed and served within twelve months.

In the case now being determined there is no contention that the suit was either filed or served within twelve months from the time the right of action accrued. The only real question, therefore, that presents itself for adjudication is whether the writings filed or presented to the board of commissioners of Troup County while in session amounted to a written claim or demand. It will be noted at the outset that the estimate accompanying the letter referred to in the statement of facts, dated 1912, is signed by "Geo. Boddie" individually, and refers to an estimate for grading and concrete work necessary to be done "in front of my house" on account of the excavation recently "cut in front of my premises." And the letter of July 1, 1913, referring to "excavation," "sidewalk," "concrete steps," etc., "in front of my gate," signed "Geo. B. Boddie" individually, makes no reference whatever to any damages or claim for damages on account of the injuries to lands of the estate of Thomas A. Boddie, alleged in the petition brought by the plaintiff as administrator of the estate. No description is given in any of the written documents filed with the board of commissioners, from

which it could be determined that the concrete work, the sidewalk, the grading, the house, or the carriage-house referred to therein, had any connection whatever with the estate of Thomas A. Boddie, deceased, or that the work to be done, or the road, house, or carriage-house, were located on lots 96, 97, and 128 in the Mountville, 698th district, G. M., of Troup County. In other words, in these papers there is nothing whatever to indicate that the matter referred to therein relates to the estate of Thomas A. Boddie, but they indicate rather that "Geo. B. Boddie" individually is the interested party. We think that there is not enough in the two letters from G. B. Boddie, or in the estimate attached to one of them, to constitute a compliance with the law requiring the filing of a written demand; since, taken together, the papers seem to be connected with an effort to compromise a claim against the county, and nowhere does it appear therefrom how and in what manner any claim against the county in behalf of George B. Boddie, either individually or as administrator, arose, or to what extent, and how, any one has been damaged, or the amount of the damages. We think that to constitute a "claim." against a county, the writing should certainly show who makes the demand, for what reason the demand is made, and the amount thereof; as otherwise there would be nothing before the county officials capable of record, or sufficiently definite to be the basis of any affirmative action by them. We do not mean to imply that such a claim, or any claim against a county, need be presented to the proper officials with exceeding nicety or great particularity, but we do think enough should appear to put the county authorities on notice as to the nature or the character of the demand filed with them, in order that proper investigation of the claim may be based on a definite demand, which might thereafter be of value in determining the extent of liability, should no settlement be effected outside of the courts. We therefore think that no cause of action was set out in the petition, even as amended, and the trial judge erred in overruling the general demurrer.                    *Judgment reversed. Roan, J., absent.*