## 5559. ELBERT COUNTY v. CHAPMAN.

1. All claims against counties must be presented to the proper county authorities by written demand within twelve months after they accrue or become payable, or they will be barred, under the provisions of section 411 of the Civil Code of 1910, "unless held by minors or other persons laboring under disabilities."

2. In a suit against a county for damages because of an alteration in a public road, whereby a portion of the road was discontinued and abandoned and a new road established in lieu thereof along a line half a mile farther away from the plaintiff's property, allegations that the road was altered "some time during the year 1910," and that the plaintiff's written claim for damages was filed with the county authorities on October 14, 1911, are not sufficient to show presentation of the claim or demand within twelve months from the accrual of the right of action.

DECIDED SEPTEMBER 19, 1914.

Action for damages; from city court of Elberton—Judge Grogan. February 25, 1914.

*Z. B. Rogers,* for plaintiff in error. *Worley & Hall,* contra.

WADE, J. J. E. Chapman brought suit against the County of Elbert, alleging, that he was the owner of a certain tract of land in said county, containing 53 acres, more or less, which lay adjacent to and bordering on the old public road leading from Ruckersville and Elberton to Hartwell, and that "some time during the year 1910" the defendant, through its officers, agents and employees, "altered" the said old road, and constructed a new public road which passed by the lands of the plaintiff at a distance of half a mile; that on or about November 15, 1910, one Jack Wandsley, by the consent of the defendant, constructed two wire fences across that portion of the old public road which had been "avoided" by the alteration thereof, at a point between the plaintiff's lands and the point where the new road departed from that portion of the old road between the said tract of land and the City of Elberton, and thereby closed that portion of the old road leading by the plaintiff's lands, and thus entirely prohibited travel along the avoided portion of said old road; that thereafter the plaintiff made a demand on the Board of Commissioners of Elbert County to have the wire obstructions across the old road removed, but the board refused this demand, and, by reason of the action of the officers and agents of the county, authorized and empowered to have the said obstructions removed, in consenting to the placing of the obstructions and in refusing the plaintiff's demand to have the same removed, and allow-

ing the same to remain across the road, the County of Elbert abandoned and discontinued that portion of the old road which, previous to the alteration, ran by and adjacent to the lands of the plaintiff; and since the said abandonment and discontinuance of the said portion of the road, the defendant has failed to work and keep open and in repair the said abandoned portion; that a short time before the discontinuance and abandonment of the said portion of the old road, the plaintiff erected on his said tract of land a new and valuable two-story dwelling-house, as a residence for himself and family, fronting on the said abandoned portion of the old road; and that the said lands of the plaintiff, together with the improvements thereon, were of the market value of $4,000 before the abandonment and discontinuance of the said portion of the old road; that by reason of the abandonment and discontinuance of that portion of the old road adjacent to the lands of plaintiff, the ordinary means of access to the said tract of land were removed, and ingress and egress to and from the said property greatly impeded and impaired, since to reach Ruckersville or Elberton, the nearest trading points from the said tract of land, it became necessary to go one and two fifths miles farther than before the abandonment and discontinuance of the said portion of the road; that by reason of the abandonment and discontinuance of the said portion of the old road, the plaintiff's property was left in a secluded and less desirable situation, off from a public road and away from the constant travel which formerly passed over the abandoned portion of the said road running along by the property of the plaintiff, and the said property could now only be reached by an unworked and rough branch road from the said named public road, whereas prior to the abandonment of the said portion of the road the property of the plaintiff was in a desirable locality, adjacent to a constantly traveled public road; that by reason of the abandonment and discontinuance of that portion of the public road running by the plaintiff's property, the market value thereof was decreased to the extent of $2,000, for which the plaintiff sued; that the abandonment and discontinuance of the said portion of the public road by the defendant, resulting in the injuries and damage to the plaintiff's property as alleged, was a damaging of private property for the public benefit, within the meaning of the constitution of the State of Georgia, for which the defendant should make compensation;

that on October 14, 1911, within one year of the time of the abandonment and discontinuance of the said portion of the public road, the plaintiff filed with the Board of County Commissioners of Elbert County his written claim for the damages sued for, a copy of which was attached to the petition, and the said board of commissioners of the county refused to make any compensation to him for the damage aforesaid.

In the written claim for damages filed by the plaintiff on October 14, 1911, with the county commissioners of Elbert county, after alleging his ownership of the tract of land and describing the land, it is stated that "some time during the year 1910" the County of Elbert "altered the public road" as herein before set out, and that *"by reason of said alteration,* said tract of land is left completely off a public road and in an inconvenient and inaccessible place." The written claim or demand further sets out the obstruction of the road on or about November 15, 1910, by Jack Wandsley, as alleged in the petition, and asserts that since the construction of the wire fences across that portion of the old road by Wandsley, the board of county commissioners had allowed the same to remain across the road and had refused to move the same, over the protest of the complainant. The written claim or demand included the following further allegations: "By reason of the discontinuance of the old road, I am now forced to go two and one fourth miles further, in order to reach said tract of land, than before the discontinuance of the old road as aforesaid. Said tract of land was, before the discontinuance and alteration of the old road as aforesaid, well worth the sum of $4,000 on the market (including the buildings thereon, one of which is a new and desirable two-story dwelling), and was of the rental value of $120 per year; and since the alteration and discontinuance of the old public road, running by said place, said tract of land, including the buildings thereon, is of the market value of $2,000, and the rental value thereof the sum of $50; and by reason of the said alteration and discontinuance of said public road, the market value of said tract of land, including the buildings thereon, has been diminished in the sum of $2,000, which sum I hereby claim as damages by reason of the injury to said property by said county in altering and discontinuing said public road as aforesaid. This claim is filed within twelve months of the discontinuance of said road, according to the provisions of

section 411 of the code; and you are hereby notified that unless said claim herein filed is paid, or other settlement made of the damages here claimed, I intend to bring suit against said county for the damages herein alleged."

The defendant filed a general demurrer, which was overruled by the court, and thereupon filed exceptions pendente lite. The case proceeded to trial on a denial by the defendant of all the material allegations in the plaintiff's petition, and resulted in a verdict in behalf of the plaintiff. The defendant's motion for a new trial was overruled, and it excepted to that judgment, as well as to the overruling of its demurrer.

The written claim for damages, made on the county authorities, a copy of which was an exhibit attached to the plaintiff's petition, was a component part of the suit as brought, and the allegations made in the one must be considered in construing the other. A casual reading of that claim will clearly reveal that the proximate and real cause of the depreciation in value of the property of the plaintiff, therein alleged, grew out of and was directly produced by the alteration in the public road, which was effected "some time during the year 1910," as alleged in both the petition and the written claim for damages filed with the county commissioners. It will be noted that in his petition the plaintiff alleges, in the 8th paragraph, that, "by reason of the abandonment and discontinuance of said portion of said road by said county, the ordinary means of access to said tract of land has been done away with, and the means of ingress and egress to and from said property has been greatly impeded and impaired. To reach Ruckersville or Elberton, the nearest trading points from said tract of land, it is now necessary to go one and two fifths miles farther than before the abandonment and discontinuance of said portion of said road. By reason of the abandonment and discontinuance of said portion of said road, said property has been left in a secluded and out-of-the-way spot and in a less desirable location, off of a public road and away from the constant travel which formerly passed over the abandoned portion of said road, running along plaintiff's said property, and said property can now only be reached by an unworked and rough branch road from said main public road; whereas prior to the abandonment of said portion of said road, said property was located in a desirable locality on a constantly traveled public road."

It will be observed also that in his written claim for damages, the plaintiff sets out that "by reason of said alteration, said tract of land is left completely off a public road, and in an inconvenient and inaccessible place;" and further, that "by reason of the discontinuance of the old road" he was compelled to travel farther in order to reach his tract of land "than before the discontinuance of the old road as aforesaid;" and that, "since the alteration and discontinuance of the old road running by said place, said tract of land, including the buildings thereon, . . has been diminished in the sum of $2,000, which sum I hereby claim as damages by reason of the injury to said property by said county in altering and discontinuing said public road as aforesaid."

From both the petition and the written claim together, the conclusion is irresistible that the real cause out of which flowed the damages to the property of plaintiff of which he complains, and for which he brings suit, was the "alteration and discontinuance of the old road," running by said property, whereby the tract of land, with the newly erected dwelling thereon, was left in a remote, secluded, and isolated situation, and could only be reached by traveling over a rough and unworked road extending therefrom to the new public road. So that the actual damage done the property of the plaintiff was done, according to the allegations in his petition and in his written demand filed with the board of commissioners, "some time during the year 1910," when the road was changed. The written demand aforesaid was filed with the board of commissioners on October 14, 1911. Neither from the plaintiff's petition nor from the written claim for damages filed with the commissioners, a copy of which is attached thereto, does it appear that the old road formerly running by the property of the plaintiff was altered or discontinued within a period of 12 months anterior to the filing of the claim for damages with the county commissioners, on October 14, 1911. Under the familiar rule that pleadings are to be construed most strongly against the pleader, the allegation in the petition and in the claim for damages, that the road was altered or discontinued "some time during the year 1910," would not sustain even a presumption that the alteration or discontinuance took place after October 14, 1910, rather than before that date, or, in other words, that such alteration or discontinuance was made or completed within 12 months prior to October 14, 1911. Obviously,

therefore, the written demand for damages does not appear by the allegations in the petition of plaintiff, or in the demand itself, to have been filed with the board of commissioners within 12 months from the time that the right of action accrued.

It is well settled that "all claims against counties must be presented to the proper county authorities by written demand within twelve months after they accrue or become payable, or they will be barred, under the provisions of section 411 of the Civil Code of 1910, 'unless held by minors or other persons laboring under disabilities.'" *Troup County* v. *Boddie,* 14 *Ga. App.* 434 (81 S. E. 376). See also *Sparks* v. *Floyd County,* ante, 80 (82 S. E. 583); *Powell* v. *County of Muscogee,* 71 *Ga.* 587; *Elbert County* v. *Swift,* 2 *Ga. App.* 47 (58 S. E. 396); *Dement* v. *DeKalb County,* 97 *Ga.* 733 (25 S. E. 382); *Pearson* v. *Newton County,* 119 *Ga.* 863 (47 S. E. 180). Since, therefore, it does not appear from the plaintiff's pleadings that the act complained of was done within twelve months from the time the written demand was filed with the county commissioners, no cause of action was set forth by the petition, and the trial court should have sustained the demurrer and dismissed the petition. It is true able counsel for the plaintiff ingeniously sought to avoid the application of section 411, supra, by alleging that the defendant county had "abandoned and discontinued" the portion of the old road adjoining the lands of the plaintiff, by refusing plaintiff's demand for the removal of the obstructions (referring to the wire fences placed across the abandoned old road by Jack Wandsley with the consent of the defendant on November 15, 1910), and in allowing the obstructions to remain across the road; but this amounts only to a conclusion on the part of the pleader that the placing of the wire fences across the old road on November 15, 1910, with the consent of the defendant, and the refusal thereafter by the defendant to remove them, of itself alone amounted to an abandonment and discontinuance of the old road, and fixed and determined the date thereof.

Taking the petition and the previous claim for damages together, it is palpably plain that the alteration in the old road, made, according to the petition and the claim, "some time during the year 1910," and which we must therefore assume was made prior to October 14, 1910, was the proximate and only cause from which the plaintiff has suffered; since obviously the building of the fences

did not of itself isolate his land, nor did the fact that the obstructions were allowed to remain in the old road accomplish this result, but the isolation of which he complains was brought about by the removal of the road from immediate proximity to his land to a line half a mile farther away therefrom, whereby the tract of land was "left completely off a public road and in an inconvenient and inaccessible place."

Again, if all that evidences the discontinuance of the old road by the county commissioners was the act of Wandsley, by permission of the county authorities, in placing wire fences across the old road, and the refusal on the part of those authorities to remove the obstructions on the request of the plaintiff, it does not appear from this alone that the old road has ever been legally discontinued or abandoned; and if not, then the plaintiff might by other proceedings compel the removal of the obstructions placed across the old road. This is, however, aside from the question, since it appears to us, without resorting to the evidence in the case to determine what had or had not been done, that under the allegations in the petition and the written demand, the right of action accrued at the time when the road was altered and the old road abandoned and discontinued, and admitting that such abandonment and discontinuance occurred by proper and legal steps on the part of the county authorities (as we must assume under the allegations of the petition for the purpose of the demurrer), then such abandonment and discontinuance occurred more than twelve months prior to the erection of the fences across the road and to the filing of the written demand, and no suit could be maintained therefor. In this connection we may add that the plaintiff alleges that "since the abandonment and discontinuance of said portion of said road, said county has failed to work and keep open and in repair said abandoned portion of said old road." The failure to work and repair the old road was certainly some evidence of its abandonment and discontinuance, though counsel for the defendant in error argues with a degree of plausibility that the obstruction of the road by Wandsley was the first evidence of an intention to abandon or discontinue the old road, and was the act from which must be dated the accrual of plaintiff's right of action. As said above, certainly building the wire fences across the old road did not isolate the plaintiff's lands or remove them from the neighborhood of the public

road with its constant travel, or make them more secluded or less valuable for rent, but the change in the line of the public road inflicted the injuries of which the plaintiff complains, and his petition for damages makes this clear. The damage was already done, and the right of action had already accrued months before the fences were placed across the old road, and it will be noted here that the plaintiff does not even allege that he or any one else had continued to use, or even occasionally used, or sought to use the old road before it was obstructed by wire fences, at any time after the alteration in the road, or in other words, after the construction of a new road and the abandonment and discontinuance of the old road.

As illustrating the wisdom and safety of the rule above referred to, that allegations in a petition are to be construed most strongly against the pleader, and without, of course, in any sense basing our ruling thereon, it may be added that the undisputed evidence adduced on the trial shows that the old road which the plaintiff in his petition alleges was altered and discontinued or abandoned "some time during the year 1910" (which allegation we have construed to mean in legal effect that the road was altered, abandoned, or discontinued during the first part, or perhaps on the very first day, of the year 1910) was actually altered, discontinued, or abandoned in the year 1908, more than two years before October 14, 1911. That evidence further discloses that the road was changed, not arbitrarily, but because the bridge near the plaintiff's lands had been washed away by a freshet, and it was practically impossible to rebuild the bridge at the old site, and hence the road leading to it was altered from necessity; also that some time before the road was changed the plaintiff had moved away from his new house, built before the freshet in 1908. While, as said above, we do not, in determining whether or not the demurrer should have been sustained, consider anything except the allegations in the petition and the demurrer itself, it is proper to observe, merely for the purpose of illustrating that the plaintiff is not compelled to suffer because of a rigid and technical enforcement of the letter of the law, that the evidence in the case discloses that the old road was of necessity abandoned (if ever legally abandoned) after the destruction of the bridge to which it led, as thereafter the only means of crossing the stream formerly spanned by this bridge was by a somewhat dangerous ford, and it is obvious that the failure to rebuild the bridge at the same

old site, and its construction at a different point a considerable distance away, together with the alteration of the public road so as to lead to it, was such proof, ocular and understandable, as inevitably apprised the plaintiff of the abandonment and discontinuance (practically at least, if not by legal orders) of the old road, and the adoption of the new in lieu thereof, as far back as 1908.

The plaintiff should have filed his notice within twelve months from the time the old road was abandoned, and his failure to do so can not be relieved by his *assertion* that the erection of the wire fences gave the first definite indication of the abandonment and discontinuance of the old road, and that the construction of these fences across the road was within the period of twelve months from the time he filed with the county authorities his claim for damages, since the petition alleges that the acts from which his troubles resulted were committed "some time during the year 1910,"—which, under the rule requiring his allegations to be construed against him where time is of the essence of his right to recover, means, in legal effect, January 1, 1910,—and the demand made upon the commissioners of Elbert county was not made until October 14, 1911. The rule prescribed by the statute is founded on a wise public policy, as our courts have often held, and we may not relax the rule by any loose application thereof because a plaintiff, who may possibly have had a meritorious right of action, suffers the original vitality of his right of action to entirely depart, by neglecting the application of his legal means of redress until the opportunity no longer exists.

In view of our holding that the trial court erred in overruling the demurrer, it is unnecessary to discuss the various other exceptions. *Judgment reversed. Roan, J., absent.*