## 8628. GODFREY *v.* COUNTY OF JEFFERSON.

1. All claims against a county must be presented to the proper county authorities by written demand within 12 months after they accrue or become payable, or they will be barred under the provisions of section 411 of the Civil Code of 1910, "unless held by minors or other persons laboring under disabilities."

2. The bringing of a suit against a county may constitute the presentation in writing of a claim to the county officials within the meaning of the code section, where the petition is both filed and served within 12 months after the claim accrues.

3. Where in an action for damage resulting from the flooding of lands, caused by a partial removal of earth from an embankment on the lands of the plaintiff, the petition was filed and served within 12 months after the injury caused by the flooding, but more than 12 months after the original trespass which ultimately caused the overflow, and nothing whatever was done, from the time of the original trespass by the county, towards the maintenance of the nuisance thereby created, and no knowledge on the part of the defendant of its existence is alleged, the action would be barred by the provisions of section 411 of the Civil Code, where no other notice of the intention to sue was given.

DECIDED DECEMBER 12, 1917.

Action for damages; from Jefferson superior court—Judge Hardeman. November 15, 1916.

Mrs. Annie J. Godfrey brought suit against the County of Jef-

ferson, for damage alleged to have been occasioned as follows: During the year 1913 she was, and she has been ever since, the owner of certain lands touching, lying, and bordering upon a public road. At a point where the road encroached upon her lands it lies along and across a valley or depression in the earth, whence it extends in either direction up and over a hill. In order to prevent the drainage-water, which naturally flowed down and along said road, from overflowing her lands, her predecessor in title had constructed an embankment on and along her lands, the average height of which was two feet above the level of the ground. In 1913 the commissioners of roads and revenues, acting through their duly appointed agents, worked, repaired, and widened the public road along which her lands were situated, and in so doing they unlawfully and negligently confiscated and appropriated to the public use, without her knowledge or consent, at least one half of said embankment, cutting away a portion thereof, and partially filling up and obstructing certain drain-ditches which were thereby rendered insufficient to properly drain the road at said point, and have so remained ever since, in consequence of which a large quantity of water would accumulate at this particular point after every heavy rain. The embankment had been standing on her land for more than 15 years, and at all times prior to the acts complained of had been sufficient to prevent an overflow of water upon her lands. "During the month of May, 1915, said embankment, weakened by the acts of the county authorities as aforesaid, under the pressure of the water which had accumulated at said point because of the improper drainage facilities there provided as aforesaid, gave way and broke, and a large volume of water overflowed petitioner's land, and during and after each rainfall since said break was made in said embankment the drainage-water has continued to overflow petitioner's land." It was further alleged, that, "since the said break was made in said embankment at the time and in the place and manner as aforesaid, drainage-water has continued to overflow and wash out an area of approximately seventy-five feet in width and three hundred yards in length across petitioner's land. A portion of the land thus overflowed has been entirely washed away, thereby leaving ditches and gullies where there had been fertile, well-drained farming land, and upon other portions of the said overflowed area sand has accumulated to the

depth of several feet, covering up and destroying the crops of cotton and corn that were being cultivated in said area at the time the said break occurred. Besides the loss of said crops which were growing within the said area as aforesaid, the land overflowed had thus been rendered utterly unfit for farming purposes, and is now an unseemly, hideous blotch upon the face of a once fair field."

The defendant filed demurrers general and special; and to the judgment sustaining them the plaintiff excepted.

*J. R. Phillips, W. T. Revill, B. T. Rawlings,* for plaintiff.

*M. C. Barwick,* for defendant.

WADE, C. J. (After stating the foregoing facts.)

It is only necessary to consider that ground of the demurrer which attacks the petition as being barred by the provisions of section 411 of the Civil Code, which declares: "All claims against counties must be presented within 12 months after they accrue or become payable, or the same are barred," etc. The claim was not otherwise "presented" within twelve months; but it is contended by counsel for plaintiff that the code section was complied with, because her suit was filed and legally served upon a majority of the county commissioners within 12 months after the cause of action arose. It is now well settled that when such a suit is filed and legally served upon the defendant within 12 months after the cause of action accrues, this constitutes a sufficient presentation of the claim in writing to meet the requirements of this section (see *Dement* v. *DeKalb County,* 97 *Ga.* 733, 25 S. E. 382; *Pearson* v. *Newton County,* 119 *Ga.* 863, 47 S. E. 180; *Troup County* v. *Boddie,* 14 *Ga. App.* 434, 81 S. E. 376); but, under the particular facts alleged in the petition, we can not agree that such a presentation of the claim was made in this case, since the real cause of action arose more than 12 months prior to the filing and service of the suit. The filing and service of the suit being the only demand for the settlement of the claim presented in writing to the county commissioners, the sole question for determination is when the plaintiff's cause of action accrued. The record establishes the fact that the petition and process were properly served upon the defendant on the 22d day of April, 1916. However, the plaintiff alleges in her petition that during *the year 1913* the county authorities, in order to widen a certain public road, confiscated and appropriated for that purpose at least one

half of an embankment on her lands lying parallel to the road; and further, that during *the month of May, 1915,* the embankment, in consequence of the acts of the county authorities committed in 1913, yielded under pressure of the water which had accumulated at that point, and gave way, and permitted a large volume of water to overflow plaintiff's lands, to her damage. From this it is clear that if the cause of action arose in the year 1913, the service of the petition on the 22d day of April, 1916, was too late to suffice as a compliance with section 411, supra; but if the cause did not accrue until May, 1915, the claim was duly presented within the time prescribed by the statute, by the filing and service of the suit within 12 months thereafter, and the action would not be barred.

The Civil Code, § 4457, declares: "A nuisance is anything that worketh hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful does not keep it from being a nuisance," etc. Applying this section to the plaintiff's petition, it is clear that the injuries complained of and the causes thereof are set forth in such a manner as to charge the existence of a nuisance. It is also obvious from the allegations that the defendant committed a trespass upon the rights of the plaintiff when it appropriated the earth from the embankment, and also created a nuisance in the year 1913, which caused the water to accumulate on the plaintiff's land. However, other than the creation of this nuisance during the year 1913, the petition fails to allege any act which even tended to bring about the injuries sued for, except a natural cause which occurred in 1915,—a heavy rainfall. In the absence of any allegation to the effect that the defendant had notice of the existence of the nuisance and after such notice failed and refused to abate the same, it can not be said that the defendant was *maintaining* the nuisance. Of course, had the defendant maintained the nuisance, a cause of action would have existed therefor. Likewise, had the allegations in the petition disclosed that the nuisance originally created by the defendant was of a continuing character, of which the defendant had notice, and which could and should have been abated, an action might lie to recover damages for its maintenance. See, in this connection, *Bonner* v. *Welborn,* 7 *Ga.* 296, 327; *Phinizy* v. *Augusta,* 47 *Ga.* 260, 266; *Gabbett* v. *Atlanta,* 137 *Ga.* 180 (70 S. E. 372); *Nalley*

v. *Carroll County,* 135 *Ga.* 835 (70 S. E. 788); *Atlantic Coast Line R. Co.* v. *Knapp,* 139 *Ga.* 422, 427 (77 S. E. 568). The petition, properly construed, clearly shows a trespass and the creation thereby of a private abatable nuisance by the county, but fails altogether to allege that anything was done towards the maintenance thereof, since to maintain a nuisance ordinarily requires some affirmative act, or a refusal to act, after knowledge of the existence of the nuisance; and there were no allegations to this effect in the petition under review. See *Southern Ry. Co.* v. *Cook,* 106 *Ga.* 450, 456 (32 S. E. 585). The plaintiff could unquestionably have recovered damages for the appropriation by the defendant of her land, by complying with the terms of the Civil Code, § 411, in presenting her claim to the proper county authorities within 12 months after its accrual in 1913, and by bringing suit in time. However, under our construction of the petition, the action was not to recover damages arising during the month of May, 1915, from the *maintenance* of the nuisance previously created by the defendant, but was for certain damages growing out of the original trespass committed in the year 1913; and therefore the fact that the suit was filed and legally served upon the defendant on April 22d, 1916 (more than a year after the right of action accrued in 1913), could not suffice to meet the requirements of code section 411, supra.

It can not be reasonably contended that a county can be held responsible in damages for injuries resulting from the *maintenance* of a private, abatable nuisance, of the creation or existence of which it has no notice, and which therefore it has had no opportunity to abate.

The court properly sustained the general demurrer; and it is therefore unnecessary to pass upon the special demurrers.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*