17408. ATLANTIC COAST LINE RAILROAD CO. *v.*
MITCHELL COUNTY.

An action against a county, brought in 1923, to recover taxes alleged to have been illegally levied and collected in 1919, and alleging that a month before the filing of the suit a demand that the taxes so collected be refunded was made upon the county authorities and refused, was barred, under section 411 of the Civil Code (1910), which provides that "all claims against counties must be presented within twelve months after they accrue or become payable, or the same are barred, unless held by minors or other persons laboring under disabilities, who are allowed twelve months after the removal of such disability."

DECIDED OCTOBER 13, 1926.

Complaint; from Mitchell superior court—Judge Custer. April 12, 1926.

*Bennet & Peacock, Gardner & Gardner,* for plaintiff.

*E. M. Davis,* for defendant.

JENKINS, P. J. 1. Assuming, but not actually deciding, that the payment of illegally levied taxes, induced by materially mistaken representations of fact by the county authorities as to the status of the claim, is not such a voluntary payment as would preclude its being recovered back under the provisions of the Civil Code (1910), § 4317 (see, in this connection, 30 Cyc. 1316 (14); 2 R. C. L. 784 (12); 21 R. C. L. 164, 165; 15 Am. & Eng. Enc.

Payment, 30 Cyc. p. 1316, n. 14.
Taxation, 37 Cyc. p. 1186, n. 93.

Law (2d ed.), 1103 (7) ; Betz v. City of New York, 119 App. Div. 91 (103 N. Y. Supp. 86) ; 193 N. Y. 625, 86 N. E. 1122), and likewise assuming that one seeking such recovery is not limited to the procedure outlined by section 526 of the Civil Code, it is nevertheless true that an action brought in the year 1923 for the recovery of taxes alleged to have been illegally levied and collected in the year 1919, and setting forth that demand for such refund had been made upon the county authorities and by them refused a month previous to the filing of the suit, is barred under section 411 of the Civil Code, which provides that "all claims against counties must be presented within twelve months after they accrue or become payable, or the same are barred, unless held by minors or other persons laboring under disabilities, who are allowed twelve months after the removal of such disability." Under this section a cause of action against a county such as can be recovered upon does not exist unless the claim has been presented within twelve months after its accrual. While it has been held that in the absence of any previous presentation of such claim, a suit filed within twelve months after the accrual of the claim amounts in itself to a compliance with the requirement as to the presentation of the claim, in the instant case both the presentation of the claim and the filing of the suit were long subsequent to the expiration of the limitation provided by the statute, which can not be taken to mean that the limitation thereby established can be tolled by deferring the presentation of the claim, when by the terms of the statute itself such presentation must be made within twelve months from the time the claim accrued or became payable.

2.   Under the foregoing ruling, the court did not err in sustaining the demurrer to the petition as amended.

*Judgment affirmed.   Stephens and Bell., JJ., concur.*