## 22659, 22675. GRIFFIN REALTY AND CONSTRUCTION COMPANY v. CHATHAM COUNTY, and *vice versa.*

STEPHENS, J. 1. Where a claim against a county is not held by a minor or some person laboring under a disability, a right of action thereon is barred unless the claim is filed with the county within twelve months after it accrues or becomes payable. Civil Code (1910), § 411. *Maddox* v. *County of Randolph,* 65 *Ga.* 216; *Powell* v. *County of Muscogee,* 71 *Ga.* 587; *Pearson* v. *Newton County,* 119 *Ga.* 863 (47 S. E. 180); *Elbert County* v. *Swift,* 2 *Ga. App.* 47 (58 S. E. 396); *Troup County* v. *Boddie,* 14 *Ga. App.* 434 (81 S. E. 376); *Sparks* v. *Floyd County,* 15 *Ga. App.* 80 (82 S. E. 583); *Elbert County* v. *Chapman,* 15 *Ga. App.* 197 (82 S. E. 808); *Godfrey* v. *County of Jefferson,* 21 *Ga. App.* 384 (94 S. E. 604); *Atlantic Coast Line R. Co.* v. *Mitchell County,* 36 *Ga. App.* 47 (135 S. E. 223); *Effingham County* v. *Zittrouer,* 39 *Ga. App.* 115 (146 S. E. 351); *Bibb County* v. *Green,* 42 *Ga. App.* 552 (156 S. E. 745); *Felton* v. *Macon County,* 43 *Ga. App.* 651 (159 S. E. 730).

2. It is essential to a right of action arising out of such a claim that the claim be presented within the prescribed twelve-months period. Where it does not appear in the petition, in a suit against a county, that the claim sued on was presented to the county within twelve months after it accrued or became payable, or where it does not appear that the petition was filed and service thereon perfected upon the county within this period, the petition fails to set out a cause of action, and is subject to dismissal on general demurrer. See *Atlantic Coast Line R. Co.* v. *Mitchell County,* and *Effingham County* v. *Zittrouer,* supra.

3. A petition, in a suit against a county, which alleges that the county "on or about October 1, 1930," through its agents and employees, committed a trespass by entering upon the plaintiff's land and cutting timber thereon and digging a ditch, to the damage of the plaintiff, which petition was filed on October 6, 1931, and served upon the defendant on October 9, 1931, but which contains no allegation that any claim whatsoever arising out of the transactions sued on was ever filed with the defendant or any one else, fails to set out a cause of action against the county. The court erred in not sustaining the general demurrer, but did not err in overruling grounds 6 and 8 of the demurrer wherein the allegations of the petition respecting the digging of the ditch or canal by the defendant on the plaintiff's property being a nuisance were demurred to as irrelevant and as not constituting an element of damage legally recoverable, and wherein the petition was demurred to as insufficient in not showing the quantity of the dirt removed from the ditch, "nor where a petitioner would replace it."

4. It is essential that the claim required to be filed with a county, as provided in the Civil Code (1910), § 411, be in writing. See authorities cited supra. Therefore the error in overruling the general demurrer to the petition, where the petition failed to allege that the claim sued on had been filed with the county within the time required by law, was not rendered harmless by proof, on the trial, of communications from the plaintiff to any member of the board of county commissioners, where it did not appear that the communications claimed damages arising out

of the claim sued on and were made in writing within twelve months after the claim sued on had become due or payable.

5. An amendment to a petition may be made at any time. Where a special demurrer is sustained with leave to amend within ten days, it is discretionary with the court to permit an amendment meeting the grounds of the special demurrer, although it be filed after the expiration of the ten days. The court did not err in rejecting the amendment on the ground that it was offered too late.

6. The court having erred in overruling the demurrer to the petition, the subsequent proceedings, resulting in a verdict and judgment for the plaintiff, were nugatory.

7. The court having sustained the defendant's motion for a new trial, and the plaintiff having in the main bill of exceptions excepted to that judgment, and the defendant having, in the cross-bill of exceptions, excepted to the judgment overruling the general demurrer to the petition, and it appearing that the court erred as alleged in the cross-bill, and that this error is controlling, the judgment is reversed on the cross-bill, and the main bill is dismissed.

*Judgment reversed on the cross-bill of exceptions. Main bill dismissed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 26, 1933.

*Cobb & Bright,* for plaintiff. *George T. Cann,* for defendant.