### 41406. CLAYTON COUNTY v. SARNO et al.

HALL, Judge. The question for decision is whether or not the filing of an action against a county followed by service of the petition on one of the members (the chairman) of the county board of commissioners within one year after the cause of action arose complies with the statute, *Code* § 23-1602, providing: "All claims against counties must be presented within 12 months after they accrue or become payable, or the same are barred . . ."

The statute prescribing the method for bringing and serving suits against counties, *Code* § 23-1503, provides that "in those counties where the fiscal affairs of the county are committed to a board of commissioners, service perfected upon a majority of said commissioners shall be sufficient."

The question in the present case has been answered by this court in *Commissioners of Roads &c. of Houston County v. Howard*, 59 Ga. App. 451 (1 SE2d 222). ". . . Where it does not appear in the petition, in a suit against a county, that the claim sued on was presented to the county within twelve months after it accrued or became payable, or where it does not appear that the petition was filed and *service thereon perfected upon the county within this period*, the petition fails to set out a cause of action, and is subject to dismissal on general demurrer." (Emphasis supplied).

The language in *Dement v. DeKalb County*, 97 Ga. 733, 735 (25 SE 382) that "the main object of the law was doubtless to provide that the county officials should have timely notice of all demands against the county, in order that they might intelligently and advisedly take the proper action concerning the same," might reasonably support the idea advanced by the plaintiff that actual notice informing the county government of the nature of the claim is sufficient as a presentation of the claim. However, the decision in the *Houston County* case, supra, speaks to the contrary, and it is not in conflict with the decision of the Supreme Court in the *Dement* case, supra.

The plaintiff relies on *Coffee County v. Denton*, 64 Ga. App. 368 (13 SE2d 209). That decision held that written notice directed to the chairman of the county commissioners, which enabled the county to investigate the facts of the claim *before suit was filed*, complied with the requirement for

presentation of claims against counties. In the present case the only written presentation of the claim shown is the suit itself, and the *Houston County* case, supra, is controlling. Since the statute prescribing the method of service on counties requires service on a majority of the commissioners, service on the county cannot be *perfected* by serving one member of a board of commissioners.

The trial court erred in overruling the motion to dismiss the action.

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*

ARGUED JULY 6, 1965—DECIDED SEPTEMBER 8, 1965—
REHEARING DENIED SEPTEMBER 28, 1965.

*Eugene Cook, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, John R. McCannon,* for plaintiff in error.

*Wallace & Wallace, Albert Wallace, Charles J. Driebe,* contra.