### 42067.   DOUGLAS COUNTY v. BROWN & RILEY ENTERPRISES, LTD. et al.

BELL, Presiding Judge.   1.   Compliance with *Code* § 23-1602 is essential to a right of action arising out of a claim against a county.   "Where it does not appear in the petition, in a suit against a county, that the claim sued on was presented to the county within 12 months after it accrued or became payable, or where it does not appear that the petition was filed and service thereon perfected upon the county within this period, the petition fails to set out a cause of action, and is subject to dismissal on general demurrer."   *Griffin Realty &c. Co. v. Chatham County*, 47 Ga. App. 545 (2) (171 SE 237) ; *Commrs. of Roads &c. of Houston County v. Howard*, 59 Ga. App. 451 (2) (1 SE2d 222).

2. In order to suffice as presentation of a claim against a county, written notice to the county should show "who makes the demand, for what reason the demand is made, and the amount thereof."   *Troup County v. Boddie*, 14 Ga. App. 434, 437 (81 SE 376).   The demand should apprise the county authorities of "the nature and extent of the claim, how it arose, who makes it, and what damages, if any, are claimed."   *Coffee County v. Denton*, 64 Ga. App. 368, 371 (13 SE2d 209).   A letter written within the 12-months period by one of the plaintiffs in this case to the chairman of the defendant's board of county commissioners, was not sufficient to amount to the presentation of a claim against a county required by *Code* § 23-1602.

3. Where the petition is both filed and served within 12 months after the claim accrues, bringing of a suit against a county may constitute the required presentation of the claim. *Godfrey v. County of Jefferson*, 21 Ga. App. 384, 386 (94 SE 604).   But service of the suit must be *perfected* upon the county within the prescribed period.   *Pearson v. Newton County*, 119 Ga. 863 (47 SE 180).   Where as in this case the petition has been served within the 12-months period on only one member of a 3-member board of commissioners, service has not been perfected upon the county by service upon a majority of the commissioners as required by *Code* § 23-1503.   Hence there has been no presentation of the claim sufficient to meet the requirement of *Code* § 23-1602.   *Clayton County v. Sarno*, 112 Ga. App. 379 (145 SE2d 283).

The trial court erred in overruling defendant's general demurrers to plaintiffs' petition.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*

ARGUED JUNE 9, 1966—DECIDED SEPTEMBER 23, 1966—REHEARING DENIED OCTOBER 6, 1966—

*Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, Brown & Dollar, Eugene Brown,* for appellant.

*Noland & Coney, John L. Coney,* for appellees.