49985. EVANS COUNTY v. McDONALD et al.

Evans, Judge.

On May 15, 1971, Mrs. Joann Deborah McDonald was driving a Ford automobile on Main Street in the City of Claxton, Georgia. A large rotten tree limb, extending over the street from where the tree was growing between the sidewalk and the roadway, fell on her, causing personal injuries. After due notice to the City of Claxton, Mrs. McDonald and her husband brought suit for damages arising out of the personal injury to Mrs. McDonald.

On April 16, 1974, plaintiffs moved to make Evans County a party defendant, alleging the street where the injury occurred is a state-aid road. The court ordered Evans County to be made a party defendant and the Department of Transportation to be served with a copy of the complaint, as amended, as provided by Code Ann. § 95A-305.

The new defendant, Evans County, filed a motion to dismiss, asserting no claim for relief can be granted; this court lacks jurisdiction of the person and subject matter; the right of action did not accrue within 12 months next before the commencement of the action; and as a subdivision of the State of Georgia, it invoked the state's sovereign immunity against actions of this nature. Affidavits were attached to the motion to dismiss and the court, treating the motion as one for summary judgment, denied same. Defendant Evans County appeals. *Held:*

1. In the case sub judice, the City of Claxton had been sued under authority of a legislative Act. But by amendment, almost two years later, plaintiffs seek to make Evans County, another subdivision of the state, a party defendant, under the authority of Code Ann. § 95-1710 and Code Ann. § 95A-305. No notice of said action was given as to the claim against Evans County, within

twelve months as required by Code § 23-1602, and said action is therefore barred. See *Douglas County v. Brown &c. Enterprises,* 114 Ga. App. 410 (1) (2) (151 SE2d 510); *Williams v. Lowndes County,* 120 Ga. App. 429 (1) (2) (170 SE2d 750).

2. Counsel for plaintiffs argue that the twelve month limitation should be waived as was done in *Neel v. Commissioners of Bartow County,* 94 Ga. 216 (21 SE 516), which case involves an action on certain bonds. It was there held that the limitation statute of twelve months did not apply to bonds, or that it was suspended. That case is not authority for waiving the claim for damages plaintiffs seek against the county in the present tort action. It is not necessary to pass on the question of sovereign immunity in this case.

3. The suit was timely filed against the City of Claxton. But this did not authorize plaintiff to amend and make Evans County a party defendant almost two years later, and thus avoid the one year statute of limitation applicable to suits against a county in cases of this kind. Accordingly, the court erred in denying the defendant's motion to dismiss.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 13, 1975 — DECIDED FEBRUARY 13, 1975.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, Marion O. Gordon, Roland F. Matson, Assistant Attorneys General,* for appellant.

*B. Daniel Dubberly, Jr.,* for appellees.