36992. SIKES v. CANDLER COUNTY et al.

MARSHALL, Justice.

"The Department of Transportation shall defend any suit, and be responsible for all damages awarded therein, in any court of this State against any county under existing laws whenever the cause of action accrues on a public road which at the time of accrual had been designated by the department as a part of the State Highway System . . ." Code Ann. § 95A-305 (a) (Ga. L. 1973, pp. 947, 983).[1] "All claims against counties must be presented within 12 months after they accrue or become payable, or the same are barred, unless held by minors or other persons laboring under disabilities, who are allowed 12 months after the removal of such disability." Code § 23-1602. Presented for decision in this case are questions as to whether § 95A-305 (a) is constitutional and whether there has been a compliance with § 23-1602 here.

This is a wrongful-death action being prosecuted by Gail Sikes, in her capacity as temporary administratrix of the estate of her deceased son, Randall Lamar Douglas. The decedent was killed on November 24, 1978, when an automobile in which he was a passenger

---

[1] It was held in *Williams v. Ga. Power Co.,* 233 Ga. 517 (1) (212 SE2d 348) (1975) that the predecessor of Code Ann. § 95A-305 (a), former Code Ann. § 95-1710 (Ga. L.

skidded into the abutment of a concrete bridge on State Highway 121 in Candler County. The bridge is under the control and supervision of the Department of Transportation (DOT).

A letter dated November 8, 1979, was sent to the Board of Commissioners of Candler County by counsel for the plaintiff. In this letter, the board is given "formal notice" that Randall Lamar Douglas died in an automobile collision on "Wolf Creek Bridge" on State Highway 121 and that, even though it is Mrs. Sikes' contention that it was the negligence of the DOT in failing to erect guard rails that was the proximate cause of the accident, the county is being given notice of this claim by reason of the provisions of §§ 95A-305 (a) and 23-1602.[2] The letter also states the name of the Georgia state trooper who investigated the accident, as well as the number of the Georgia State Patrol report. A copy of this letter was forwarded to the DOT.

The complaint was filed on March 27, 1980 naming both Candler County and DOT as defendants. In the complaint, the plaintiff requests that she be awarded damages against the DOT, and she also requests the court to declare the requirement of § 95A-305 (a), that the plaintiff proceed against the county, even though the DOT is the true party defendant, to be an unconstitutional denial of the plaintiff's rights of due process and equal protection.

The DOT moved to dismiss the complaint against it on the ground of sovereign immunity. Candler County moved to dismiss the complaint against it on the ground that the plaintiff had failed to present to the county the claim on which this suit was brought in the manner required by § 23-1602.

---

1957, pp. 592, 594), did not constitute a waiver by the General Assembly of the county's governmental immunity. Former Code Ann. § 95-1001 (Ga. L. 1953, p. 120) provided, in pertinent part, that, " 'in every case the county shall be primarily liable for all injuries caused by reason of any defective bridges . . .' " *Williams v. Ga. Power Co.,* supra.

However, under present Code Ann. §§ 95A-826 & 95A-827 (Ga. L. 1973, pp. 947, 1052-1053), where a county lets a contract for the construction or reconstruction of all or part of a bridge and does not require the contractor to add to the faithful performance bond the condition to keep the bridge in good repair for a period of not less than seven years, the county is primarily liable for all injuries caused by reason of any defective bridge for damages occurring within seven years of the contractor's work on the bridge and its acceptance by the county. The term "bridge" includes the approaches to the bridge within a certain number of feet from either end. Code Ann. § 95A-826.

[2]This letter also presents to the county a claim for damages on behalf of the decedent's sister, Karen G. Douglas, who was driving the automobile at the time of the accident.

The plaintiff moved for partial summary judgment on the sovereign immunity question, the question of whether the letter sent to the county constituted sufficient compliance with § 23-1602, and the question of whether § 95A-305 (a) is constitutional. The trial judge denied the plaintiff's motion for partial summary judgment and granted both the DOT's and Candler County's motions to dismiss. The plaintiff appeals. *Held:*

Although the trial judge was correct in granting the DOT's motion to dismiss, the trial judge's grant of Candler County's motion to dismiss was error.

1. At the outset, the appellant asks us to abolish the doctrine of sovereign immunity in this state. In making this entreaty, the appellant overlooks the fact that in 1974 the doctrine of sovereign immunity was given constitutional status in this state, and, therefore, it cannot now be abrogated by this court. *Sheley v. Bd. of Public Ed.,* 233 Ga. 487 (212 SE2d 627) (1975).

2. "Immunity from suit is a basic attribute of sovereignty. 'The sovereignty of the State is supreme, and to maintain that sovereignty the supremacy must also be maintained, and to do that the State must never be subjected to suit without its expressed consent.' *Roberts v. Barwick,* 187 Ga. 691, 694 (1) (1 SE2d 713). It is clear from *Roberts v. Barwick,* supra, *Crowder v. Dept. of State Parks,* 228 Ga. 436 (185 SE2d 908), the cases cited in *Crowder,* and all subsequent cases dealing with sovereign immunity that only by the express consent of the State can it be made amenable to suit. Obviously, then, such consent is a matter of legislative grace, the extension of a privilege to which citizens have no right. This view of waivers of sovereign immunity is supported by rulings from other jurisdictions: '... inasmuch as the right to sue is purely statutory, the legislature has the power not only to restrict such right but to withhold it, or withdraw it altogether.' Morris v. South Carolina State Hwy. Dept., 264 S. C. 369 (215 SE2d 430). A statutory waiver of sovereign immunity, as a matter of grace could be granted, withdrawn or restricted at the will of the legislature. University of Kentucky v. Guynn, 372 SW2d 414. The U. S. Supreme Court has made clear the nature of a waiver of sovereign immunity: 'It is an established principle of jurisprudence in all civilized nations that the sovereign cannot be sued in its own courts . . . without its consent and permission; but it may, if it thinks proper, waive this privilege, and permit itself to be made a defendant in a suit by individuals, or another State. And as this permission is altogether voluntary on the part of the sovereignty, it follows that it may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted, and may withdraw its consent whenever

it may suppose that justice to the public requires it.' *Beers v. Arkansas,* 61 U. S. 527, 529." *Goolsby v. Regents of the Univ. System of Ga.,* 141 Ga. App. 605, 606-607 (234 SE2d 165) (1977).

Through the enactment of § 95A-305 (a), the General Assembly has said that when a cause of action accrues on a public road which is part of the State Highway System, suit may be brought against the county (which is merely a political subdivision of the state), but the DOT shall defend any such suit and be responsible for all damages awarded therein. What the General Assembly has thus done is to prescribe the terms and conditions on which the state consents to be sued, and we cannot say that these terms and conditions deprive the plaintiff of any of her constitutional rights. The trial judge did not err in granting the DOT's motion to dismiss.

3. The appellees argue, and the trial judge ruled, that the letter sent to the county board of commissioners was not sufficient notice of the plaintiff's claim of damages to comply with § 23-1602. We disagree.

The basis for the appellee's argument and the trial judge's ruling is a trilogy of Court of Appeals' decisions, which contain statements that in order for presentation of a claim for damages against a county to be sufficient under § 23-1602, the amount of damages must be stated. *Douglas County v. Brown &c. Enterprises,* 114 Ga. App. 410 (2) (151 SE2d 510) (1966); *Coffee County v. Denton,* 64 Ga. App. 368, 371-372 (13 SE2d 209) (1941); *Troup County v. Boddie,* 14 Ga. App. 434, 437 (81 SE 376) (1914).

We disapprove of the foregoing cases insofar as they purport to create an inflexible requirement that presentation to a county of a claim must always contain a statement of the amount of damages in order to be sufficient under § 23-1602. Such a requirement makes little sense in a case such as this, for the primary reason that the claim for damages in a suit brought against a county under § 95A-305 (a) is really against the DOT, and it is the DOT which has the authority to settle the damage claim.[3] But see *Evans County v. McDonald,* 133 Ga. App. 955 (1) (213 SE2d 82) (1975) (holding that in a suit against a county under § 95A-305 (a), notice of the claim must be given to the county as required by § 23-1602). In addition, in this case the bulk of the claimed damages are unliquidated.

In this case, the letter sent to the county board of commissioners by the plaintiff, a copy of which was sent to the DOT, did constitute a presentation of the claim being sued on. The letter contained

---

[3] Section 95A-305 (a) also states: "The Department of Transportation shall also have the right and authority to defend, adjust, and settle in the name of such county

sufficient information to afford the recipients thereof an opportunity to investigate the claim and ascertain the evidence prior to suit. As was stated in *Davis v. Cobb County,* 65 Ga. App. 533, 534 (15 SE2d 814) (1941): "The object of presenting a claim to a county before the institution of suit is to afford the county an opportunity to investigate the claim and ascertain the evidence and to avoid the incurrence of unnecessary litigation. See 15 CJ 646; *Neel v. Bartow County,* 94 Ga. 216 (21 SE 516)."[4] The letter here was sufficient to do that.

The trial judge erred in dismissing the complaint against the county.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hill, P. J., who dissents from Division 1, but concurs in Divisions 2 and 3 and the judgment.*

DECIDED FEBRUARY 10, 1981.

*Glen A. Cheney,* for appellant.

*Arthur K. Bolton, Attorney General, Charles M. Richards, Assistant Attorney General,* for appellees.

---

and on its behalf any claim for damages for which the department ultimately may be liable under this Section."

[4] We do note, however, that it has been held in cases such as *Godfrey v. County of Jefferson,* 21 Ga. App. 384 (2) (94 SE 604) (1917) that the bringing of a suit against a county may constitute the presentation of a claim to the county under § 23-1602 if the petition is filed and served within 12 months after the claim accrues.